O’BRIEN, J.
The action was brought by the plaintiff, as the ■■assignee of the International Wine Company, to recover $5,000 upon an agreement to erect and furnish a plant for making ■champagne and other sparkling wines in California. The contract is evidenced by a proposition made by the International Wine Company, through one Morton, as broker, in New York, to two persons in California, a firm or otherwise, signing themselves Ferris & McCondry. The latter, in answer to a proposition made by the wine company, stated that upon the erection of the plant in California and production of 100 cases of champagne, $5,000, which was on deposit in the Cloverdale Bank, would be paid to the wine company. The question of whether they performed their contract by putting up a suitable plant and making the 100 cases of wine is not. involved, as no point was made upon either of those questions upon the appeal; the real point being, between whom was the contract made? Was it by Ferris ■<& McCondry, on their own behalf, or acting as agents for a company known as. the Golden Crown Champagne Company, or as the agents for certain defendants, including the defendant Crocker, who, as partners, or as joint owners, were engaged in the production of champagne ?/ The evidence rather points to the fact that they were agents for the Golden Crown Company. But, be this as it may, so far as the record discloses, there is nothing to show that the defendant Crocker, individually or in connection with others, was a party to the contract which had been entered into by Ferris & McCondry. The evidence shows that the defendant Crocker was the president of the Golden Crown Company, and there is some evidence that he was a contributor to the‘$5,000 raised and deposited in the Cloverdale Bank; but there is not sufficient in thé case to justify the submission to the jury of the question as to his individual responsibility, or his responsibility, in connection with the other defendants named, for the payment of the $5,000. Plaintiff’s effort was directed undoubtedly to showing facts from which an inference might be drawn that the defendant Crocker, as jointly interested with others, was responsible for the contract made by Ferris & McCondry; the plaintiff *750 refusing to concede that it was a contract which was entered into on behalf of or for the benefit of the (rolden Crown Company,. As we have said, there was no evidence sufficiently strong to justify any inference of Crocker’s personal liability for the contract; made.
This brings us to a consideration of what really are the questions upon this appeal, viz., as to whether the learned trial judge erred in compelling plaintiff to read the entire deposition, and in excluding evidence presented on the part of the plaintiff which, he claimed, if he had been permitted to introduce it, would have furnished the basis for such inferences. These rulings we propose briefly to examine.
In regard to the first ruling, which required plaintiff, when reading the deposition of the defendant Crocker, to read not only such portions as he thought proper, but the entire deposition, we-agree with the appellant that this ruling was wrong. Parmenter v. Railway Co., 37 Hun, 354. But the question remains, was this-harmful? Hndoubtedly, if he had read but one portion, the defendants would have had the right to read the remainder; and it is not made to appear that any evidence which he desired to have-from that deposition was not admitted. What he complains of, therefore, is that, in addition to such as he wanted, he was compelled to read other portions of thei deposition which he did not want. If, however, we consider the latter portion of the deposition as omitted, and in no way qualifying the testimony which the-plaintiff himself desired to bring out, and giving to it its full weight, we reach the conclusion which we have already intimated,, that this was not- sufficient to justify an inference of personal liability upon the part of Crocker. While, therefore, the ruling was. wrong, it was harmless.
The more serious questions arise upon rulings excluding evidence; The plaintiff, in seeking for proof as to who were the real parties to the contract, was compelled to examine persons who, as-shown by their manner of testifying, can justly.be characterized as adverse witnesses; and therefore some latitude in the questions; was permissible. The witness McCondry, who, with Ferris, was instrumental in making the contract, exhibited no disposition to-state fully and frankly whom he represented, and was not disposed to aid the plaintiff in establishing the identity of those liable. He had, it is true, testified that the defendant Crocker was interested with him in the experiments, and that the latter had seen the proposition of the wine company, and had visited that plant several times after it had been put up in California. But when the plaintiff endeavored to go further, and show just what interest and' connection the defendant Crocker had in the enterprise, he was-met by the objections which were sustained, and which prevented-his obtaining further information. Similar rulings were made to* questions propounded to Crocker himself. There were so many of these rulings that it is unnecessary to particularize. The plaintiff had the right to show, if he could, that Ferris & McCondry were in fact the agents for Crocker and others, jointly interested in an enterprise, and that it was for them and on their behalf thag. *751 tiie contract was made by which the International Wine Company was to receive $5,000 upon putting up its plant and successfully completing the experiment provided for by the terms of the contract. While, therefore, it is true that the plaintiff, in order to recover, is obliged to show that the contract was made by the defendant Crocker through the agency of Ferris & McOondry, and ¡while it is equally true that upon the evidence admitted there was 'an entire failure to show any such contract, still, as the questions objected to were directed to eliciting competent evidence bearing on these points, and-as the testimony excluded might have shownCrocker’s relation to the enterprise, and the making of the contract, to be such as to render him personally liable, the rulings wereerrroneous.
The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event
All concur.