*In the matter of the Application of* J. O. COMSTOCK *for a Writ of Habeas Corpus.*

(Filed June 30, 1900.)

1. BASTARDY, JURISDICTION IN. Chapter 41, Statutes 1893, confers on probate courts jurisdiction in bastardy proceedings, and said power has been ratified by congress.

2. BASTARDY, IMPRISONMENT CANNOT BE IMPOSED. A bastardy proceeding is special in character, and is in the nature of a civil proceeding; there is no authority given to impose imprisonment as part of the original judgment in such cases, in order to compel the judgment debtor to secure the payment of the judgment by executing a bond.

3. HABEAS CORPUS—*Bastardy.* A judgment debtor in a bastardy proceeding who is imprisoned pursuant to the original judgment that he stand committed to the county jail until he gives bond for the payment of the judgment, will be discharged on *habeas corpus.*

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*C. J. Wrightsman,* for petitioner.

*J. C. Strang, Attorney General,* for respondent.

Opinion of the court by

BURFORD, C. J.: The petitioner was charged with bastardy in the probate court of Pawnee county. On the trial of the cause he was adjudged guilty, and judgment entered ordering him to pay to the prosecutrix the sum of $840 for the maintenance of the bastard child; this amount to be paid at the rate of $5.00 per month until said amount was fully paid. The judgment further ordered the defendant to enter into a bond to the Territory of Oklahoma, with good and sufficient sureties, to be approved by the court, to secure the payment of said sums

for the first four years, and that he give bond without sureties for the payment of the remainder of said sums. The decree and judgment then concludes as follows:

"It is the further order of the court that the defendant, J. O. Comstock, be remanded to the custody of the sheriff of Pawnee county, Oklahoma Territory, to be by him committed to the common jail of Pawnee county, until the bonds above mentioned are made and approved and the costs of the prosecution paid.

"And you, the said sheriff of Pawnee county, are hereby commanded to safely keep said J. O. Comstock until the bonds above mentioned are duly made and approved by the judge of the probate court and until he pay the costs of the prosecution, or until he shall be discharged therefrom by due course of law.

"In testimony whereof I have hereunto set my hand and official seal this 9th day of February, 1900.

(SEAL.)                               "W. L. EAGLETON,

"Probate Judge of Pawnee county, Oklahoma Territory."

Pursuant to this judgment the defendant was committed to the county jail of Pawnee county, and having failed to execute the bonds as directed, there remains. He now seeks to be discharged by *habeas corpus.*

There are a number of grounds set forth in the petition, questioning the jurisdiction of the court, the validity of the judgment, and the ability of the defendant to give bond; but as these matters all raise questions of fact which may be determined in the trial court, on proper application, or on appeal, or probably were determined on the trial, or may have been waived, we do not deem it necessary to examine them at this time, and therefore refrain from expressing any opinion as to whether or not they may be considered in this character of a case.

There is one proposition that determines the case and upon that question we think there is no room for serious contention, Bastardy proceedings under our statute is a special proceeding, in the nature of a civil action, and original jurisdiction is conferred on the probate court in such cases. Under the provisions of the Organic Act these courts did not have jurisdiction in proceedings in bastardy, but such jurisdiction was conferred by the legislative assembly in 1890, ch. 41, Compiled Laws, 1893, and congress, by a later enactment, ratified this act of our legislature, in so far as it relates to the jurisdiction of probate courts. This chapter embraces all the laws we have on the subject of proceedings in bastardy, except as the same may be supplemented by the laws relating to procedure generally. Nowhere in this chapter is any authority given to imprison for failure to secure the judgment. If such power exists in the court, it could only be in contempt proceedings for failure to comply with the orders of the court, in which case the judgment debtor would be entitled to a day in court and a hearing before he could be committed to prison.

In this case it is not shown or claimed that the defendant below was in contempt of court. The order of the court was that he be committed to the county jail and there confined until he should execute the bonds to secure performance of the judgment as directed. The order of imprisonment is a part of the original judgment. Most of the states whose statutes we have been enabled to examine contain provisions authorizing the courts having jurisdiction of bastardy proceedings to enforce their judgments by imprisonment of the judgment debtor. Our statute contains no such provision, and confers no such

power. If the legislature has not seen fit to give this authority the courts have no right to assume it.

The writ of *habeas corpus* is awarded, and the prisoner ordered released from custody under the commitment by which he is now held.

All of the Justices concurring.