FARMERS' & MERCHANTS' NAT. BANK OF HOBART v. SCHOOL
DISTRICT NO. 56 et al.

No. 352.    Opinion Filed December 7, 1909.

(105 Pac. 641.)

1.    COURTS—Jurisdiction—Jurisdictional Amount—Pleading—Muni-
      cipal Indebtedness.    Section 2, art. 3, c. 7, p. 87, Sess. Laws 1905,
      providing that, after notice, the muncipality may proceed be-
      fore the probate court of the county (now county court) if the
      amount be less than $1,000, and before the district court if it
      exceed that sum, in order to have the amount of the outstand-
      ing legal indebtedness determined, held, that the jurisdiction of
      such court depended upon the allegations of the petition. and
      not the amount of the outstanding legal indebtedness as finally
      decided or determined by such court.

2.    APPEAL AND ERROR—Review—Grant of New Trial.    The er-
      roneous granting of a new trial by the lower court involving
      solely a question of law will be reversed on appeal in this court.

(Syllabus by the Court.)

*Error from Kiowa County Court; J. W. Mansell, Judge.*

Action between the Farmers' & Merchants' National Bank of
Hobart and School District No. 56 and others.    From the judg-
ment, the bank brings error.    Reversed and remanded.

*George L. Zink* and *J. H. Cline,* for plaintiff in error.
*C. A. Morris,* for defendants in error.

WILLIAMS, J.    The question here for determination is as to
whether or not the jurisdiction attaches by virtue of the allegations
of the petition, or is to be determined by the final ascertainment
made by the court as to the amount of its outstanding legal indebt-
edness.    The original petition herein alleged the outstanding in-
debtedness due and unpaid to be the sum of $1,059.92; a list of
warrants aggregating that sum being attached as a part thereof.
But it was further alleged by amendment that two certain war-
rants, to-wit, No. 2, for $400, and No. 3, for a like sum, were
illegally issued and without authority of law, and that warrant
No. 8, for $30.90, was without consideration.    It was alleged orig-

inally that the assessed valuation of the taxable property of the school district, as determined by the last finding of the county commissioners as a board of equalization, amounted to $11,495. By amendment, it is alleged that the equalization valuation of the taxable property of the school district for the last preceding assessment was only $9,596, 4 per cent. of which would amount to $383.84. This would constitute the maximum amount of indebtedness that could be legally incurred under the limitations imposed by Act Cong. July 30, 1886, c. 818, § 4, 24 Stat. 171; *Ray v. School Dist. No. 9,* 21 Okla. 88, 95 Pac. 480.

No authority is cited by either side and the case as to such jurisdiction is one of first impression in this court. Section 1, art. 3, c. 7, p. 87, Sess. Laws 1905, provides:

"Every county, every city of the first class, the board of education of every city, every township, and every school district, is hereby authorized and empowered to refund its indebtedness, including bonds, judgments and warrants, as hereinafter provided, upon such terms as can be agreed upon, and to issue new bonds with semi-annual interest coupons attached in payment for any sum so refunded; which bonds shall be sold at no less than par, and shall not be for a longer period than thirty days, shall not exceed in amount the actual amount of outstanding indebtedness, inclusive of attached coupons and shall not draw a greater interest than six per cent. per annum."

Section 2 provides for notice, stating that on the day named therein the municipality will proceed before the probate court of the county, if the amount be less than $1,000, or before the district court if the amount exceed $1,000, to make a showing and ask the court "to hear and determine the amount of the outstanding legal indebtedness of said municipality, and to sign the bonds to be issued in payment of the same, and any person interested may remonstrate against the issuance of the same." Section 3 provides that on the day named in the notice the officers authorized to issue bonds shall go before the court and make proof, to the satisfaction of the court, of the existence, character, and amount of the outstanding legal indebtedness of said municipality; that, on such proof being made, the court shall cause to

be made upon the records of the court a statement of finding to that effect, and shall then, in open court, proceed to sign each bond to be issued up to the amount of said indebtedness so proven and approved, and shall, after expiration of the time for taking appeals, if no appeal be taken, deliver the same to the treasurer of said municipality issuing the same, who shall be chargeable therefor, and shall be liable on his official bond for said bonds, appeals in such judgment to be allowed as provided by law.

"The jurisdiction of the tribunal does not depend upon the actual facts alleged, but upon the authority to determine the existence or nonexistence of such facts, and to render judgment according to its findings. If such authority exists then the tribunal has jurisdiction of the subject-matter." (1 Bailey on Jurisdiction [1899] p. 2, § 2.) See, also, to the same effect, Brown on Jurisdiction (2d Ed.) § 19b, p. 98.

"It is the claim as presented, not the claim as decided or allowed, which primarily determines the question of jurisdiction in the trial or lower court, and hence constitutes therein the amount in controversy." (1 Ency. P. & P. § 2, p. 703.)

In this case the sum of $1,059.92 is alleged to be an outstanding indebtedness, due and unpaid, but that $830.90 thereof should not be allowed. Due notice to all parties interested had been given as required by law. It necessarily followed that the court was to determine the amount of the outstanding indebtedness of said municipality that was due and unpaid. The holders of the alleged invalid warrants could not be barred by such claim except by notice, and, the notice having been given, the presumption was that they would contend for the validity of such claims. Consequently, under any reasonable construction of the pleadings, it was necessary for the county court to adjudicate or pass on the validity of the outstanding indebtedness in the sum of $1,059.92 and of this amount it had no jurisdiction; the same vesting in the district court.

For the purposes of this case, we are assuming without passing thereon that the provisions of article 3, c. 7, p. 87, Sess. Laws 1905, are not repugnant to sections 26, 27, art. 10, Const.,

and were extended to and remained in force in the state of Oklahoma by virtue of section 2 of the Schedule.

The order of the lower court granting a new trial, after dismissing the action for want of jurisdiction, is hereby reversed, and this cause remanded, with instructions to dismiss the petition. *Citizens' State Bank of Lawton v. Chattanooga State Bank of Chattanooga et al.,* 23 Okla. 737, 101 Pac. 1118.

All the Justices concur.