## ST. LOUIS &. S. F. R. CO. v. EGBERT.

No. 508.　Opinion Filed September 13, 1910.

(111 Pac. 202.)

**COURTS—Jurisdiction—Amount in Controversy.** In an action for recovery of damages for conversion, the amount of damages claimed determines the jurisdiction of the court; and, where the amount claimed exceeds the maximum statutory or constitutional jurisdictional limit of the court, the court is without power to proceed with a hearing upon the petition.

(Syllabus by the Court.)

*Error from Lincoln County Court; Fred A. Wagoner, Judge.*

Action by Charles Egbert against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff. Defendant brings error. Reversed.

This action was originally brought in the probate court of Lincoln county before the admission of the state against plaintiff in error to recover damages for the conversion by plaintiff in error of one car of cotton seed. In the original petition defendant in error alleges the value of the property converted to be $330, and that he had sustained damages in the additional sum of $100 in the expenditure of money and time pursuing said property and attempting to recover it. He prayed for judgment in the sum of $430

and interest thereon. Subsequently he filed an amended petition. wherein the amount of recovery prayed for is not changed, but later he filed a second amended petition consisting of two paragraphs. In the first paragraph he alleges the conversion of a certain car of cotton seed of the value of $330 at the time of its conversion and of the expenditure by him in expenses in attempting to recover the property the sum of $101.25. In the second paragraph he alleges the conversion of the car of seed, and that, by reason of said conversion and the statute, plaintiff in error had become liable to him for the highest market value of the seed at any time between the conversion of the property and the verdict in the cause, that the highest market value of said car of seed during said period was the sum of $1,000, and that he had been further damaged in the sum of $101.25 for expenses expended by him in pursuit of the property, and prayed for a judgment for said sums amounting in the aggregate to the sum of $1,101.25. Plaintiff in error filed an answer to the amended petition, and the Key Stone State Bank, which by order of the court has also been made party defendant, filed its answer, and the cause was under this state of the pleadings pending at the time of the admission of the state. After the admission of the state, it was transferred to the county court of Lincoln county, where a trial upon plaintiff's second amended petition and the answer of defendants was had to a jury, which resulted, after a demurrer to the evidence had been sustained as to the defendant bank, in a verdict and judgment in favor of defendant in error against the plaintiff in error railway company for the sum of $457.13.

*Roy Hoffman* and *J. B. A. Robertson,* for plaintiff in error.— Citing: Bunn's Ann. Const., sec. 182; *Guard v. Circle,* 16 Ind. 401; *Crosswaithe v. Caldwell,* 106 Ala. 295; *Edwards v. Hopkins,* 5 R. I. 138; *Abney v. Whitted,* 28 L.a Ann. 818; *Euless v. Russell* (Tex.) 34 S. W. 176; *Vineyard v. Lynch,* 86 Mo. 684; *Bank v. Parsons,* 80 Mass. (14 Gray) 521; *Hobbs v. German-American Doctors,* 14 Okla. 236; *Cummings v. McDermid,* 4 Okla. 272.

*M. D. Owen* and *G. A. Neeley,* for defendant in error.

HAYES, J. (after stating the facts as above). Eight assignments of error are made in the petition for reversal of this cause. One of these assignments challenges the jurisdiction of the trial court; and, under our view of the·case, it will be necessary to consider only that assignment.

The probate courts of the territory of Oklahoma had jurisdiction concurrent with the district courts in all civil cases in any sum not exceeding $1,000, exclusive of costs, and in actions of replevin, where the appraised value of the property did not exceed that sum. Section 1872, Wilson's Rev. & Ann. St. 1903, and section 12, art. 7, Const. (Snyder's Const. p. 219), confer upon the county' courts of the state original jurisdiction concurrent with the district courts in civil cases wherein the amount involved does not exceed $1,000, exclusive of interest, excepting certain classes of cases. The amount involved in an action *ex delicto* is the sum demanded or sought to be recovered by plaintiff's petition, and not the amount of recovery. 1 Ency. of Plead. & Prac. and authorities there cited. In the original petition filed in this cause, the sum demanded was within the jurisdiction of the court in which the action was instituted, and within the jurisdiction of the court to which the cause was transferred; but this petition was abandoned and an amended petition filed, which, while setting up in the main the same cause of action, seeks to recover damages in the sum of $1,101.25, which is in excess of the jurisdiction both of the court in which the amended petition was filed and of the court to which the cause was transferred and tried. In order to determine the amount in controversy and the jurisdiction of the trial court, we must look to the pleading (*Farmers' & Merchants' National Bank v. School District,* 25 Okla. 284, 105 Pac. 641), and, if the amount of the damages claimed by plaintiff is in excess of the maximum jurisdictional limit prescribed by the statute or by the Constitution, the court cannot proceed (*Thompson v. Williard,* 66 Ark. 346, 50 S. W. 870; *Little Rock, Mississippi River & Texas Ry. Co. v. Manees,* 44 Ark. 100; *Wiley v. Sinkler,* 179 U. S. 58, 21 Sup. Ct. 17, 45 L. Ed. 84).

It is a well-settled rule that where plaintiff claims more than the jurisdictional minimum, but recovers less, the court may, within its sound jurisdiction, decide whether his claim for an amount in excess of the jurisdictional mimimum was fraudulent and done to evade the law or was made in good faith, but in such investigation no presumption of bad faith prevails; and, in the absence of a showing by defendant to that effect, the court is held to be clothed with jurisdiction. Several cases following and applying this rule have been cited by defendant in error in support of his contention that the lower court had jurisdiction, but such cases have no application to this case; for, if the claim for damages made in the amended petition in excess of the jurisdictional maximum limit of the trial court was made in good faith by defendant in error (and it must be presumed, in the absence of a showing to the contrary, that it was), plaintiff in error's contention is strengthened rather than weakened. If, on the other hand, it was fraudulently made, we know of no authority or principle of law that would require us to hold that plaintiff could go into court and fraudulently seek to recover an amount in excess of the jurisdiction of the court, and after failure to recover the amount claimed and upon recovering judgment in an amount within the jurisdiction of the court, set up such fraud to sustain the jurisdiction of the court.

The amended petition upon which this case was tried would sustain a verdict and judgment for the sum of $1,101.25, but the trial court was without power to render such judgment; and, when the amended petition was filed and plaintiff proceeded to prosecute his action thereunder for the excessive jurisdictional amount, the cause should have been dismissed for want of jurisdiction.

For the foregoing reasons, the judgment of the trial court is reversed.

All the Justices concur.