## STATE v. IRA SPEED.

No. A-1174. Opinion Filed March 19, 1912.

(121 Pac. 1090.)

**BASTARDS—Nature of Action.** Bastardy proceedings are in the nature of civil actions, and .do not constitute criminal prosecutions, and this court has no jurisdiction of appeals in such cases.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Bastardy proceedings against Ira Speed. From a judgment of dismissal, the State appeals. Dismissed.

*Sam Hooker,* Co. Atty., for the State.

*Claude Weaver,* for appellee.

FURMAN, P. J. Bastardy is not a crime punishable by the penal laws of this state. If a defendant has illicit intercourse with the mother of a bastard child, this offense is fully provided for in other statutes. If bastardy constitutes a penal offense, it would subject a defendant to double prosecutions by the same jurisdiction for the same act, which would be violative of both the spirit and letter of our Constitution. The object of the law on the subject of bastardy is not to punish the father for his illicit intercourse with the mother of a bastard child, but it is for the benefit of the child, and also for the protection of the county against being charged with its support.

This is not an open question in Oklahoma. In *Bell v. Territory,* 8 Okla. 75, 56 Pac. 853, Chief Justice Burford, speaking for the court said:

"Bastardy proceedings are special in character, and are governed by the act authorizing such proceedings, in so far as the same prescribes the proceedings and practice. But said actions are also in the nature of civil actions, and, in so far as not in conflict with the special act authorizing. such proceedings, the

practice and proceedings in civil causes in the district court are applicable, and appeals may be taken in such causes in the same manner and to the same effect as appeals in civil cases from the probate courts. Giving these various statutes full effect, and construing them together, for the purpose and with the intent designed, the result is, in bastardy cases, if the party desires a trial *de novo,* his appeal should be to the district court, and should be taken in the manner and under the provisions prescribed in the chapter on probate procedure; but, if questions of law only are to be presented on appeal, then the appeal should be to the · Supreme Court, and the appeal must be taken in the manner provided for appeals in civil causes from the district court to the Supreme Court."

*In re Comstock,* 10 Okla. 299, 61 Pac. 921, Chief Justice Burford again said:

"A bastardy proceeding is special in character, and is in the nature of a civil proceeding. There is no authority given to impose imprisonment as part of the original judgment in such cases, in order to compel the judgment debtor to secure the payment of the judgment by executing a bond."

For the reasons above given, we are of the opinion that this court has no jurisdiction to entertain this appeal. The appeal is therefore dismissed, because it is in a civil proceeding.

ARMSTRONG and DOYLE, JJ., concur.