## ARDMORE LODGE No. 9, I. O. O. F. v. DAWSON *et al.*

### No. 1513.   Opinion Filed May 14, 1912.

### (124 Pac. 66.)

**APPEAL AND ERROR**—Review—Grant of New Trial.   This court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made.

(Syllabus by the Court.)

*Error from Carter County Court;*
*L. S. Dolman, Special Judge.*

Action by Ardmore Lodge No. 9, I. O. O. F., by Henry Kimball and others, trustees, against K. W. Dawson and others.   Verdict for plaintiff, and from an order granting a new trial it brings error.   Affirmed.

*Guy H. Sigler,* for plaintiff in error.

*Johnson & McGill,* for defendants in error.

HAYES, J.   Plaintiff in error, hereinafter called plaintiff, brought this suit in the lower court against defendants in error, hereinafter called defendants, to recover judgment in the sum of $390· as damages for breach of a rental contract.   Plaintiff alleges in its petition that on the 14th day of January, 1907, it leased to defendants a certain brick building for a period of one year to begin on the 1st day of September, 1907, and to continue until the 31st day of August, 1908, at a rental of $65 per month.   It alleges that defendants moved into the building and occupied same under the contract and paid rents thereon for the period of six months, when defendants, without the consent and over objection of plaintiff, abandoned the building and refused to pay further rents thereon; that plaintiff was unable

thereafter to rent the building during the term of defendants' contract, and therefore lost the rental value of said building for the period of six months, which, under the contract, was $65 per month.

Defendants' answer admits they made a contract with plaintiff for the period of one year, but alleges that the same began in the month of January, 1907, and alleges that they occupied same for the full period of one year, beginning in said month of January, and paid the rents thereon. The contract between them was not reduced to writing, and there is considerable conflict in the evidence as to the provisions of the contract as to when the term thereunder began and ended.

A trial to a jury resulted in a verdict for plaintiff for the amount sued for. A motion for a new trial by defendants was sustained by the trial court, and it is that action of the court only of which complaint is made in this proceeding.

The condition upon which this court will reverse an order of a trial court granting a new trial is well settled to be that such ruling will not be set aside unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. *Jacobs v. City of Perry,* 29 Okla. 743, 119 Pac. 243; *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890; *Duncan v. McAlester-Choctaw Coal Co,* 27 Okla. 427, 112 Pac. 982; *Farmers' & Merchants' Nat. Bank of Hobart v. School District No. 56 et al.,* 25 Okla. 284, 105 Pac. 641; *Cit. State Bank, of Lawton v. Chattanooga State Bank of Chattanooga et al.,* 23 Okla. 767, 101 Pac. 1118.

Defendants' motion for a new trial sets up several grounds. We are not informed by the record upon which ground the trial court sustained the motion. The first ground alleged in the motion is that the verdict is contrary to the law and the evidence. For aught we know, it is upon this ground that the new trial was granted. It does not present an unmixed question of law. The evidence was conflicting, and, if we were of the opinion that the

preponderance thereof supported the verdict of the jury, still that would not be sufficient reason to require a reversal of the order granting a new trial. *Duncan v. McAlester-Choctaw Coal Co., supra; Atyeo v. Kelsey,* 13 Kan. 212; *City of Sedan v. Church,* 29 Kan. 190. Trial courts are vested with large discretion in the granting of new trials, and they ought to grant new trials whenever the party asking for a new trial has not in all probability had a reasonably fair trial, and the verdict returned does not render substantial justice, although it may be difficult for the court to state the grounds for which such new trial was granted. The reading of the record discloses that complete justice was not done to defendants by the verdict rendered, for the verdict is for the exact amount prayed for in plaintiff's petition and is equal to the rents on said building as contracted for the entire period of six months, during which it is alleged the building was abandoned by defendants. But the evidence establishes that plaintiff, for a part of said period, rented said building and collected the rents thereon. For the rents plaintiff collected defendants would be entitled to credit, which was not given in the verdict returned.

Since we are not able to say from the record before us that the trial court materially erred with respect to some pure, simple, and unmixed question of law in granting the new trial, the order appealed from should be sustained, and it is so ordered.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.