## COOPER v. STATE *ex rel.* LEEDY, *County Atty.*

No. 2255.    Opinion Filed November 19, 1912.

(128 Pac. 115.)

BASTARDS—Damages—Excessive Claim—Jurisdiction. In a bastardy proceeding, instituted by the state, upon the relation of the county attorney, no prayer for damages is contemplated by the statute (sections 618-628, Comp. Laws 1909); and where a prayer is inserted in an amount in excess of the jurisdiction of the county court, it will be treated as surplusage.

(Syllabus by Ames, C.)

*Error from Ellis County Court;*
*A. E. Williams, Judge.*

Proceedings in bastardy by the State, on the relation of C. B. Leedy, County Attorney of Ellis County, against Nathan Cooper. The jury returned a verdict of guilty, and the court

charged the defendant with maintenance in the sum of $800, payable in annual installments, from which he brings error. Affirmed.

*S. A. Miller,* for plaintiff in error.

Opinion by AMES, C. The petition in error is filed in this court upon the assumption that a bastardy proceeding is in the nature of a civil action, and that therefore this court has jurisdiction of the appeal from the county court. ' We assume, without deciding, that this is true (*Bell v. Territory of Oklahoma,* 8 Okla. 75, 56 Pac. 853; *In re Comstock,* 10 Okla. 299, 61 Pac. 921), and confine our decision within as narrow limits as possible, waiving any discussion of several intricate questions that might have been raised.

The principal question which it is necessary to pass upon is whether a prayer in the complaint for damages in excess of the sum of $1,000 defeats the jurisdiction of the county court. We do not think so. We think the prayer was surplusage, and that it may be disregarded for the purposes of jurisdiction. It is, of course, the general rule, that in a civil action the allegations of the petition determine the amount involved. *Farmers' & Merchants' Nat. Bank v. School Dist. No. 56,* 25 Okla. 284, 105 Pac. 641; *St. Louis & S. F. R. Co. v. Egbert,* 27 Okla. 168, 111 Pac. 202. But this proceeding in bastardy is a special proceeding and does not contemplate a prayer for damages. The right of action is granted, and the procedure regulated, by sections 618-628, Comp. Laws 1909, which provide that the person suspected of being the father may be charged therewith before the county court, by the state, that the county attorney may prosecute the case, that the defendant's plea shall be "guilty" or "not guilty," that a jury may try this plea, that if the accused be found guilty he shall be charged with the maintenance of the child in such sums as the court shall direct, and that the court may at any time enlarge, diminish, or vacate the order in the cause. As no prayer for damages is contemplated, but as it is a special proceeding, wholly dependent on the statute, and as the jurisdiction rests in the county court or does not exist at all, we

think the prayer for damages in excess of the amount of the jurisdiction of the county court should be treated as surplusage.

Complaint is made that the court erred in refusing to give this instruction:

"The jury are instructed that the evidence to rebut the presumption of the legitimacy of the issue of a married woman, and to overcome such presumption, must be clear, distinct, satisfactory, and conclusive."

But if such instruction was requested, the record does not show it, and if it was requested and refused, it would not be error, because the court gave an instruction substantially covering the same ground.

The other questions suggested in the brief will not be further considered, both because the brief does not comply with rule No. 25 (20 Okla. xii, 95 Pac. viii) of this court, and because the case-made does not affirmatively show that it contains all the evidence in the case. *Chelsea Elevator & Storage Co. v. Rohland*, 30 Okla. 54, 118 Pac. 366; *Martin v. Gassert*, 17 Okla. 117, 87 Pac. 586.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.