## SCOTT *et al.* v. BROWN *et al.*

No. 2951.   Opinion Filed December 9, 1913.

(137 Pac. 113.)

INFANTS—Appeal—Summons in Error—Minors.   Where summons in error is issued upon their guardian and not upon the minors, who by their guardian were plaintiffs in the court below, or their attorneys, held, that such service fails to comply with sections 5238 and 4721, Rev. Laws 1910; that the same is insufficient to give the court jurisdiction over the minors, and that the motion to dismiss the proceeding in error will be sustained for want of necessary parties.

(Syllabus by the Court.)

*Error from County Court, Johnston County;*
*Nick Wolfe, Judge.*

Action by Mildred Brown and others against W. M. Scott and others. Judgment for plaintiffs, and defendants bring error. Dismissed.

*Harry K. Allen,* for plaintiffs in error.

*Sigler & Howard,* for defendants in error.

TURNER, J.   On February 20, 1911, judgment was rendered and entered herein in the county court.   After motion for a new trial was filed and overruled, plaintiffs in error, defendants below, commenced proceedings in error, and caused summons in error to be issued and served on A. P. Brown, guardian of Mildred Brown, Alice Brown, Wm. G. Brown, and Martin Brown, minors, who, by their said guardian, were plaintiffs below.   Come the minors and move the court to dismiss the proceeding, "because no summons in error was ever served upon the defendants in error or their attorneys."   Section 5238, Rev. Laws 1910, provides that after the petition in error has been filed in this court "a summons shall issue and be served, or publication made, as in the commencement of an action.   A service on the attorney of record in the original case shall be sufficient."   Section 4721, Rev. Laws 1910, provides, if the defendant is a minor and under the age of fourteen years, that the summons in the commencement of an action shall be served on the minor and his guardian, and if over fourteen years, then on the minor.   In either case it is necessary to serve the minor.   This statute must be strictly followed.

The court having acquired no jurisdiction of the minors by proper service, the motion to dismiss is sustained.   *Bolling et al. v. Campbell,* 36 Okla. 671, 128 Pac. 1091; *Fanning v. Foley,* 99 Cal. 336, 33 Pac. 1098; *Keys v. McDonald et al.,* 1 Handy (Ohio) 287; *Helms v. Chadbourne,* 45 Wis. 60; *Ingersoll v. Ingersoll,* 42 Miss. 155; *Melcher v. Schluter,* 5 Neb. (Unof.) 445, 98 N. W. 1083; *Campbell v. Laclede Gas Co.,* 84 Mo. 352; *Jones v. Mathews* (Miss.) 4 South. 547.

All the Justices concur.