## SEALEY v. SMITH et al.

No. 10088—Opinion Filed April 5, 1921.

(Syllabus.)

1. **Process—Service of Summons—Compliance with Statutes.**

Statutes prescribing the manner of service of summons are mandatory and must be strictly complied with in order to vest the court with jurisdiction.

2. **Infants—Service of Process—Requisites —Jurisdiction—Validity of Judgment.**

Under section 4721, Revised Laws of 1910, in an action against a minor defendant under the age of 14 years the service of summons must be upon the minor and guardian

or father, or if neither of those can be found, then upon his mother, or the person having the care or control of the infant. or with whom he is living. If neither of these can be found or if the minor be more than 14 years of age, service on him alone will be sufficient. If the service of summons be not made in strict compliance with the statute, the court has no jurisdiction to render judgment against the minor. and a judgment rendered against a minor where the statute has not been strictly complied with is void and confers no right upon the parties obtaining the same.

### 3. Same—Defense of Infants — Guardian ad Litem.

Under section 4688, Revised Laws of 1910, "The defense of an infant must be by a guardian for the suit. who may be appointed by the court in which the action is prosecuted, or by the judge thereof or by a county judge. The appointment cannot be made until after the service of summons in the action, as directed in this Code." Held, that said statute is mandatory and must be strictly complied with.

### 4. Same—Fraudulent Judgment.

In an action against an infant defendant, where the attorney representing parties whose interests were adverse to that of the infant defendant secured the signature of the legal guardian of the infant defendant to an answer prepared for said infant defendant and filed the same in the cause and obtained a judgment against said infant upon the same day the answer was filed, and no defense was made for said minor. held. such a judgment was obtained through fraud and should be set aside.

### 5. Marriage—Validity—Indian Custom.

Marriages contracted between tribal Indians according to the usages and customs of their tribe, at a time when the tr'bal government and relations are existing, in the absence of some statutory law governing and regulating said Indian tr'bes, rendering such marriages invalid, will be unheld by the courts in this state.

### 6. Depositions—Admission of Portion of a Deposition.

A portion of a deposition is admissible in evidence if the portion offered contains all the evidence the witness testified to upon the subject to which the evidence is directed.

Error from District Court, Grady County; Will Linn, Judge.

Action by Gouldy Sealey, a minor, against A. R. Smith and others, to quiet title. Judgment rendered in favor of the defendants.

Plaintiff brings error. Reversed and remanded, with directions to grant a new trial.

Adrian Melton. A. J. Bristow. and D. M. Cavaness, for plaintiff in error.

Harry Hammerly, for defendants in error.

KENNAMER, J. The plaintiff in error, Gouldy Sealey, a minor, by her legal guardian, Charles S. Brice, commenced this action in the district court of Grady county aganst A. D. Smith et al., on the 27th day of April, 1917, to quiet title to the lands described in her petition, said lands being the allotment of Adam Sealey, deceased, for possess'on, rents, and profits. And as part of the relief prayed for in her petition she asks that a purported judgment rendered in the district court of Grady county on the 24th day of June, 1910, in an action wherein Raymond O. Hawk was plaintiff and Henry Sealey, Parmelia Jones, Robert Jones, Bensley Perry, Ledicy Nelson and Gouldy Sealey were defendants in cause No. 2357, be set aside. canceled and held for naught, for the reason that said judgment was procured by fraud; that the court was without jurisdiction of the subject-matter or the parties to said action, and that the defendant in said cause, Gouldy Sealey, was a minor under the age of 14 years; that said judgment was rendered against her without having been served with summons as required by law; and that no guardian ad litem was appo'nted to defend her in said cause as required by law. The defendants, A. D. Smith, V. Simpson. Samuel A. Long, Raymond O. Hawk. J. W. Underwood, A. C. Neel, and J. E. Whitehead, filed answer to the petition of the plaintiff, denying each and every allegation contained in the petition. and as a second and further defense to the petition of plaintiff pleaded the judgment in cause No. 2357. and alleged that said judgment was rendered after due, regular, and timely service of summons was made upon Gouldy Sealey, and that the issues involved in this action were completely adjudicated by the judgment rendered in cause No. 2357. To the answers of defendants the plaintiff filed reply. and upon the issues joined a trial was had on the 29th day of January, 1918. and after the plaintiff had introduced her testimony and rested. the court sustained the lefendants' demurrer to the plaintiff's testimony and rendered judgment in favor of the defendants.

To reverse this judgment, this appeal is prosecuted.

The plaintiff has 14 different assignments of error in her petition, but as we view the

record, all the assignments may be considered together. The land involved in this action is the allotment of Adam Sealey, a full-blood Chickasaw Indian, enrolled opposite roll No. 186, who died intestate in Pittsburg county on or about the 12th day of October, 1904; and the lands were allotted in his name subsequent to his death by an administrator. On the date of the death of the allottee, Adam Sealey, he was living with a woman by the name of Ledicy Sealey, who was a full-blood Indian. It appears from the record that Adam Sealey had been living with Ledicy Sealey for more than four years on the date of his death, and as a result of his cohabitation with tihs woman the plaintiff in this action, Gouldy Sealey, was born on or about the 16th day of March, 1904, and was enrolled as a full-blood Chickasaw Indian on July 12, 1905, as the child of Adam Sealey and Ledicy Sealey. The undisputed testimony offered on behalf of the plaintiff in this action was that Adam Sealey and Ledicy Sealey held themselves out as husband and wife and were so recognized in the community where they resided. According to the record in the case at bar there are two questions that are decisive of the issues involved in this cause. The first to be considered is whether or not the former judgment rendered in cause No. 2357 is res judicata of the issues involved in this cause. The plaintiff in this case was a minor defendant in cause No. 2357, which judgment the defendants claim is a bar to the prosecution of this action. It appears from the record that J. E. Whitehead, one of the defendants in this cause, was the attorney who represented Raymond O. Hawk, the plaintiff in cause No. 2357; and that about two years prior to the filing of the former action had a written contract with the mother and guardian of this minor plaintiff in this action to represent her in recovering the lands in controversy in the action; that he concluded after investigation that this minor plaintiff, Gouldy Sealey, had no interest in the lands. No doubt he believed she was the illegitimate child of the deceased allottee, Adam Sealey, and, having arrived at that conclusion, filed an action on behalf of Raymond O. Hawk who had purchased the lands in controversy from other parties claiming to be the legal heirs of Adam Sealey, deceased, and made Gouldy Sealey a defendant in the action, and attempted to have service of summons made upon her. The first return made upon the summons failed to show any service upon the minor defendant in the cause, but before the summons was returned from Pittsburg county to Grady county, where the cause was pending, Mr. Whitehead, the attorney for the plaintiff in the action, wrote an amended return which showed service upon the minor defendant, but failed to show

any service upon the guardian of the minor defendant. The judgment rendered in the cause pleaded as a bar to this action, affirmatively discloses that Gouldy Sealey was a minor defendant under the age of 14 years, but fails to disclose that any service of summons whatever was made upon her, but does show that her legal guardian, Phillip Nelson, filed an answer the same day the judgment was rendered, but no appearance was made by the guardian or defense made, and the evidence discloses, in the hearing of the motion for a new trial in this action, that the answer filed by the general guardian in the case was filed by Phillip Nelson as guardian of Gouldy Sealey, at the request of Mr. Whitehead, and Phillip Nelson made affidavit, which was presented on the motion for new trial in this cause, that he thought Mr. Whitehead was representing his ward in said former cause. The deputy sheriff that claimed to have served the summons in said former cause No. 2357 made an affidavit that the first return signed, which showed service of summons upon the guardian of Gouldy Sealey, but no service upon the minor, spoke the truth, but on the hearing of the motion for new trial in this cause testified that he served three Indians, one Indian girl and two women; that he had no recollection of serving four.

We are unable to understand how the trial court in the case at bar can sustain the validity of a judgment divesting a minor defendant of valuable property under the record as it appears in the case at bar. It is the duty of a trial court to guard the interests of infant defendants and see that every available defense is made for them in the trial of a cause, and under the statutes in force in this state it is mandatory upon the trial court to appoint a guardian ad litem to represent infant defendants. The first duty of the trial court is to examine the service made upon a minor defendant, and if the same is regular, approve the same, and then appoint a guardian ad litem who must make the defense for such defendant. Section 4688 of the Revised Laws of 1910 provides:

"The defense of an infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by a judge thereof or by a county judge. The appointment cannot be made until after the service of summons in the action, as directed in this Code."

Section 4689 provides:

"Appointment of guardian ad litem. The appointment may be made upon the application of the infant if he be of the age of 14 years, and apply within 20 days after the return of the summons. If he be under the age of 14 years, or neglect so to apply, the appointment may be made upon the appli-

cation of any friend of the infant, or that of the plaintiff in the action."

Section 4721 provides:

"When the defendant is a minor, under the age of 14 years, the service must be upon him and upon his guardian or father or if neither of those can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than 14 years of age, service on him alone will be sufficient. The manner of service may be the same as in the case of adults."

In the case at bar, under the facts as disclosed by the record, it is evident that the judgment pleaded as a bar to the prosecution of this action was absolutely void and conferred no rights whatever upon the defendants. It is immaterial which return found in the record of the former cause speaks the truth. If the return as made and found on the back of the summons at the usual place of making returns spoke the truth, the court did not acquire jurisdiction of Gouldy Sealey, a minor defendant, in that cause, for the reason the summons was not served upon her personally as required by law. If the typewritten return as found upon a paper attached to the summons spoke the truth, then no summons was served upon the guardian as required by law, and in order to give the court jurisdiction in said cause of the minor defendant the summons must have been served upon the guardian and the minor as required by section 4721 of the Revised Laws of 1910, supra. Service of summons must be made as provided for by the statute before the court would have had jurisdiction to render any kind of judgment against the defendant, Gouldy Sealey, in said cause. The general guardian could not appear and waive the necessity of serving process as required by law. Echols et al. v. Reeburgh, 62 Okla. 67, 161 Pac. 1065; Bolling et al. v. Campbell, 36 Okla. 671, 128 Pac. 1091; Scott et al. v. Brown et al., 40 Okla. 184, 137 Pac. 113.

It is contended by the defendants in error that no useful purpose could be served by the court appointing a guardian ad litem to defend an action against a minor where the regular guardian, who is under bond, appeared and made defense. It is true, under our statute, it is made the duty of the legal guardian to appear in an action against his ward and make defense, and there is no question but that a legal guardian of a minor should look after the interest of his ward in a general way and be diligent in seeing that the interest of his ward is protected in actions filed against it, but the performance of a general duty by the legal guardian in no way affects or relieves the trial court of his imperative duty to comply with the plain provisions of the statute in appointing a guardian ad litem that can waive nothing, but under the direction of the court must make a bona fide defense for the infant defendant.

In the case of Wade v. Bridewell, 38 Miss. 420, the court said:

"It is said that no useful purpose could be served by notice to an infant of tender years, that would not be better answered by notice to his guardian; and that a defense by the actual guardian is much more effectual than the formal defense of a guardian ad litem. But as to the former, the law has required notice, in order to subject the person and rights of the infant to the jurisdiction of the court; and as to the latter, one of its most beneficial effects to the infant is that the guardian ad litem can waive nothing to his prejudice, and his rights are therefore left to the protection of the court, to be guarded with vigilance. And this is a protection against malpractice and collusion." See 83 Miss. 234, 35 South. 315.

The judgment pleaded as a bar to the prosecution of the action filed by the plaintiff Gouldy Sealey, was rendered on the same day that the answer of the general guardian on behalf of the infant defendant was filed. No attorney appeared and made defense or represented the general guardian. The answer had been prepared by the attorney representing the adverse side of the action to the infant defendant. By the judgment obtained without a hearing or defense made by the infant defendant, she was deprived of her interest in the lands in controversy. Under such a record, if the court in fact had jurisdiction, the judgment, having been obtained without the interest of the minor being protected by a guardian ad litem appointed as required by law, should be set aside on account of fraud. Barnett et al. v. Kunkel et al., 259 Fed. 394; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Griffin et al. v. Culp et al., 69 Oklahoma, 174 Pac. 495; Gray et al. v. McKnight et al., 75 Okla. 268, 183 Pac. 489.

The defendants in error contend that, the plaintiff having introduced in evidence the judgment in the former action in cause No. 2357, she will not be heard to question its validity. There is no merit in this contention. This action was one to quiet the title of the plaintiff in the lands described in her petition, and as part of the relief prayed for in her petition she asks that the judgment in the former action be canceled, set aside, and held for naught for the reason that the same was void for want of jurisdiction of the court to render the same, and that the same was obtained through fraud. She had the right to introduce the judgment for the purpose of showing the existence of such judgment.

which she contended was a cloud upon her title. Roberts et al. v. Roberts et al. (Ohio) 55 N. E. 411.

The most serious question in the case at bar is the right of the plaintiff to inherit the lands of her deceased father, it being contended by the defendants that the plaintiff is the illegitimate child of the deceased allottee, and under the laws of the state of Arkansas of descent and distribution in force on the date of the death of the allottee, that she cannot inherit. The undisputed facts as disclosed by the record show that the deceased allottee, Adam Sealey, had for nearly, five years lived with an Indian woman named Ledicy continuously prior to the date of his death on the 12th day of October, 1904, and that they were regarded in the community where they resided as husband and wife; that their marriage and cohabitation were in accordance with the customs and usages of the full-blood members of the Chickasaw and Choctaw Tribes of Indians. It is true that the Chickasaws and Choctaws had laws regulating marriage and divorce, but our attention has not been directed to any tribal law declaring marriage according to the custom of the tribes as void. The evidence is undisputed that Gouldy Sealey was in fact the child of Adam Sealey and enrolled as such, resided with his family, and always treated as his child and recognized by Adam Sealey as his child. If there had been a former marriage by the father and mother of this plaintiff, as contended by counsel for the defendants, the presumption is that the marriage had been dissolved, and that the plaintiff in this action, the child born during his cohabitation with Ledicy Sealey, is legitimate, and according to every rule of equity and justice she is entitled to inherit his property. That marriages according to the customs and usages among the various tribes of Indians located in the Indian Territory have been recognized as valid by this court is no longer an open question in this jurisdiction. And after the laws of Arkansas were extended in force in the Indian Territory so as to apply to all persons, common-law marriages have been recognized as valid. Butler et al. v. Wilson, 54 Okla. 229, 153 Pac. 823; Oklahoma Land Company et al. v. Thomas, 34 Okla. 681, 127 Pac. 8: James et al. v. Adams, 56 Okla. 450, 155 Pac. 1121.

In the case of James v. Adams, supra, the court said:

"A dissolution of the marriage contract according to such tribal laws, usages, and customs will be likewise upheld by this court."

To the same effect is Kobogun et al. v. Jackson Iron Company (Mich.) 43 N. W. 602

The plaintiff in this cause offered in evidence the depositions of certain witnesses which had been taken by the defendants, and the record is not clear as to just why the court refused to let the plaintiff introduce the testimony found in the depositions. It is a general rule that a party may introduce part of a deposition, although the party introducing the same must introduce all that part of the testimony that relates to a particular subject. The party must not be permitted to introduce such parts or fragments of the evidence as would place the witness in the position of stating the facts in a different light than would appear if all his testimony upon a particular question were introduced. In the case of Oklahoma State Bank of Cushing et al. v. Buzzard, 73 Oklahoma, 175 Pac. 750, this court said:

"It is not error for the court to permit a party to an action to offer in evidence part of a deposition, without offering all of the deposition, where the adverse party is permitted to use all or any part of said deposition as evidence."

And in the case of Smith v. Croaker et al., 38 N. Y. Supp. 268, the court said:

"It is error to require a party to read an entire deposition against his objection, as he has the right to read such parts as he deems best, and to leave the remainder to be read by the adverse party."

So we conclude that the trial court erred in not permitting the plaintiff to introduce such parts of the depositions as contained competent and legal testimony. If the witness giving the deposition had been present in person, the plaintiff could have placed him on the stand and propounded such questions as the plaintiff desired that the witness answer. Then we know of no good reason why such parts of the depositions as contained competent and legal testimony should not have been admitted in evidence. McCartney et al. v. Smith (Kan.) 62 Pac. 540; Morrison v. Wisconsin Odd Fellows Life Ins. Co. (Wis.) 18 N. W. 13; Francis Gellatly, Receiver, v. Lowery, 6 Bosw. (N. W.) 113; 13 Corpus Juris, 983.

We are of the opinion that the trial court committed reversible error in sustaining the demurrer of the defendants to the plaintiff's evidence in this case, and that the judgment must be reversed and said cause remanded, and the trial court directed to grant the plaintiff a new trial and proceed with the trial of the cause according to views herein expressed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.