**HALTON v. STATE ex rel. LASLEY, Co. Atty.**

No. 13479—Opinion Filed April 29, 1924.

**1. Bastardy—Nature of Action—Procedure.**

An action brought against the father of an illegitimate child for bastardy, is in the nature of a special proceeding to be tried as a civil action and is governed by the pleadings and procedure prescribed by the statute on Procedure Civil.

**2. Same—Minor Defendant—Necessity for Guardian ad Litem.**

The defense of a minor defendant in a bastardy proceeding must be by a guardian appointed for the suit, as provided by the statute on Procedure Civil; and the judgment rendered in such proceeding, without the appointment of a guardian to defend for such minor defendant, is void.

Commissioners' Opinion, Division No. 2.

(Syllabus by Jarman, C.)

Error from County Court, Woods County; L. T. Wilson, Judge.

Action by the State of Oklahoma ex rel. L. Z. Lasley, County Attorney, against Estol Halton. Judgment for plaintiff, and defendant brings error. Reversed.

A. J. Stevens, for plaintiff in error.

C. H. Mauntel and L. Z. Lasley, for defendant in error.

Opinion by JARMAN, C. This is an appeal by the plaintiff in error from a judgment rendered by the county court of Woods county against him in a bastardy proceeding. The evidence produced during the progress of the trial and the proceedings in connection with the plaintiff in error's motion for a new trial show that said plaintiff in error, defendant below, was a minor of the age of 18 years at the time of the trial. The question of the defendant's minority was not raised prior to nor during the progress of the trial, but after the jury returned a verdict of guilty against the defendant, said defendant filed a motion for a new trial, and one of the grounds is that the defendant was a minor and that the proceedings against him, including the verdict, were irregular and without force or effect for the reason that a guardian was not appointed to defend for him in said action.

The only question to be considered in disposing of this case here is whether the court had jurisdiction to proceed with the trial of said cause and render judgment against the defendant without first having appointed a guardian to defend for him. It is admitted that the defendant was a minor and of the age of 18 years at the time of the trial.

It is the contention of the defendant that an action brought against the father of an illegitimate child for bastardy under our statute is in the nature of a special proceeding and must be tried as a civil action and that said action is governed by the pleadings and procedure prescribed by the statute on "Procedure-Civil," except where the proce-

dure is prescribed and defined by the bastardy act. This question has been before the court in a number of cases and the rule is announced as follows:

"An action brought under article 3, c. 55. Rev. Laws 1910, against the father of an illegitimate child for bastardy, is in the nature of a special proceeding to be tried as a civil action and should be governed by the pleadings and procedure prescribed by the chapter of our statute on procedure civil." Anderson v. State, 42 Okla. 151, 140 Pac. 1142; In re Comstock, 10 Okla. 299, 61 Pac. 921; Bell v. Territory, 8 Okla. 75, 56 Pac. 853.

The same rule is followed by the court in the case of Libby v. State, 47 Okla. 603, 142 Pac. 406, wherein it is held:

"An action brought under section 4401, Rev. Laws 1910, is in the nature of a civil action and all that is required of the plaintiff is to prove the case by a fair preponderance of the evidence."

The plaintiff takes the position that this action is not of a civil nature and is not governed by the rules of civil procedure, and in this connection, plaintiff uses the following language in its brief:

"If this were a civil action, no argument would be needed to show that a guardian should be appointed; but our court has passed on the proposition of the nature and character of actions of this kind."

In support of this position, the plaintiff cites the case of Wilson v. State, 73 Oklahoma, 175 Pac. 829; but this case is authority for the contention that a bastardy proceeding is of the nature of a civil action and that the rules of pleading and practice applicable to civil actions cover bastardy proceedings. In the body of the opinion, the court uses the following language, which fully supports the rule hereinabove announced:

"A bastardy proceeding in this state is not a criminal case, but a special proceeding in the nature of a civil case. Cooper v. State. 36 Okla. 189. 128 Pac. 115; Anderson v. State, supra; Libby v. State, 42 Okla. 603, 142 Pac. 406. Under those authorities. the rules of pleading and practice applicable to a civil action govern the proceedings in a bastardy case. That being true, even though the complaint being informal and defective, if, without objection, evidence is offered at the trial which cures the defect, the pleadings will be presumed to be amended, if necessary, to conform to the evidence."

Since we determined that the rules of procedure, as prescribed by the statute regulating civil actions; govern bastardy proceedings, the next question to be determined is, what procedure is prescribed with reference to minor defendants in civil actions? Section 216, Comp. Stat. 1921, provides that the defense of an infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted or by a judge thereof, and that the appointment cannot be made until after the service of summons is had upon the minor defendant. Section 217, Comp. Stat. 1921, in chapter of "Procedure-Civil" provides that the appointment of a guardian to defend for a minor defendant may be made upon the application of the infant, if he be of the age of 14 years and apply within 20 days after the return of summons, and if he be under the age of 14, or the infant should neglect to apply to the court for the appointment of a guardian to defend for him, that the appointment of such guardian may be made upon the application of any friend of the infant or upon the application of the plaintiff in the action. The only way a defense for a minor can be made is by a guardian appointed for such purpose. The statute is mandatory in this respect and any proceedings had against a minor, without the appointment of such guardian to defend for him, are null and void and not binding upon said minor, and, under such circumstances, the court is without jurisdiction to render judgment against said minor. This rule is announced by the court in the case of Sealy v. Smith, 81 Okla. 97, 197 Pac. 490, as follows:

"Under section 4688, Revised Laws of. 1910, 'The defense of an infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by the judge thereof or by a county judge. The appointment cannot be made until after the service of summons in the action, as directed in this Code.' Held, that statute is mandatory and must be strictly complied with."

The court, in the case of Echols v. Reeburgh, 62 Okla. 67, 161 Pac. 1065, announces the same rule and in the body of the opinion the following language is used:

"This court has held that service of summons upon an infant cannot be waived: that no one can appear for him in defense of an action prior to such service; that his defense must be made by a guardian for the suit, who cannot be appointed till after service; and that a judgment rendered against a minor defendant without service of summons and appointment of a guardian ad litem is void. Condit v. Condit, 66 Okla. 215, 168 Pac. 456; Bolling v. Campbell, 36 Okla. 671, 128 Pac. 1091; Scott v. Brown, 40 Okla. 184, 137 Pac. 113."

It is clear, therefore, that the proceedings had against the minor defendant in this ac-

tion and the judgment rendered against him were void for the reason that no guardian ad litem was appointed for him, and, therefore, the court erred in not vacating and setting aside the verdict and granting a new trial of said cause. No rights of the minor defendant were waived and the court was not vested with jurisdiction to enter judgment against the minor defendant, because the amended motion for a new trial setting up as one of the grounds, that a guardian ad litem was not appointed for .the defendant, was not filed until more than three days after the verdict was returned. ' ·

The judgment of the trial court is reversed with instructions to grant a new trial and to proceed in conformity with the views herein expressed.

By the Court: It is so ordered. '