## POSEY v. STATE.

No. 16531—Opinion Filed April 26, 1927.

(Syllabus.)

**1. Bastards—Nature of Bastardy Proceeding—When Summons Unnecessary.**

A proceeding brought against the father of an illegitimate child, under article 3, chapter 70, C. O. S. 1921, is a special proceeding, to be tried as a civil action, and where a complaint is duly filed and warrant issued and the defendant arraigned, and appearance

bond fixed and a day set for defendant's appearance to answer the complaint, it is not necessary to issue and serve summons upon the defendant as in a civil action.

**2. Same—Necessity for Appointment of Guardian for Minor Defendant—Time of Trial.**

An action brought against the father of an illegitimate child under article 3, chapter 70, C. O. S. 1921, affects the substantial property rights of the defendant, and where such defendant is a minor, a guardian must be appointed prior to the trial of the cause, and where a guardian is not appointed until the day set for trial, the issues cannot be considered "made up" until after such appointment, and section 582, C. O. S. 1921, applies, and it is error of the court to place such minor upon his trial prior to the tenth day from the appointment of the guardian.

Error from County Court, Tulsa County; W. L. Coffey, Judge pro tem.

Action by the State of Oklahoma charging Charles K. Posey with being the father of an unborn child, which child, if born alive, will be a bastard. Verdict of guilty, and defendant appeals. Reversed and remanded.

Norman Barker and Carter Smith, for plaintiffs in error.

A. F. Moss, O. H. Searcy. S. J. Montgomery, and H. R. Young (Byron Kirkpatrick, County Attorney, of counsel), for defendant in error.

PHELPS, J. This cause presents error from the county court of Tulsa county. After plaintiff in error had lodged his appeal in this court and filed his briefs and after defendant in error had asked for and had been granted some six extensions of time within which to brief and had failed to file briefs, an opinion was written by Commissioner Ruth, in which opinion the court considered the merits of the cause and reached the conclusion that the judgment of the trial court should be reversed and a new trial granted because of errors of the trial court. This opinion. however, was withdrawn and defendant in error allowed to file its briefs, and upon consideration of the briefs of both parties we reach the conclusion that the opinion so written correctly stated the law and reached the proper conclusion, and we hereby rewrite and adopt same as the opinion of this court.

On September 15, 1924, there was filed in the county court of Tulsa county a "complaint," in which it was charged that a certain female (naming her) was unmarried; that she was pregnant with child, and that if said child is born alive it will be a bastard, and that Charles K. Posey is the father of

said child. On September 17, 1924, defendant was brought into court upon warrant, entered his plea of "not guilty," and the cause was set for hearing October 6, 1924. Why it was not tried on that date, does not appear from the record, and on December 1. 1924, "by agreement of counsel," the cause was set for trial December 15th. On December 15, 1925, the county attorney was granted leave to file an amended complaint, in which, after alleging the matters set up in the original complaint, it is alleged further:

"That on the 10th day of May, 1924, the said Charles K. Posey had sexual intercourse with, and did carnally know this complaining witness, * * * at a point about three-fourths of a mile southeast of the town and post office of Glen Pool in Tulsa county, Okla. * * *"

The defendant, by counsel appearing specially, objected to the jurisdiction of the court, and the motion was supported by affidavit of the mother of defendant, said affidavit alleging defendant was born January 4, 1906, and was therefore between the ages of 18 and 19 years.

The court, presided over by W. L. Coffey, judge pro tem, forthwith appointed Carter Smith. one of the defendant's counsel, guardian ad litem, who filed his motion for a continuance for a reasonable time to permit him to go fully into the merits of the case, and properly protect his ward's interests.

The guardian was sworn at the instance of special counsel employed to prosecute, and he testified that he had first talked to defendant December 7, 1925, but until that moment, when he was appointed guardian ad litem, he was in no position to legally collect a fee for his services; that he could not get his witnesses although there had been subpoenas issued for them; that he had sent $10 to one witness outside Tulsa county to pay his expenses while attending trial. The court granted counsel 24 hours to make a showing, whereupon defendant pleaded to the jurisdiction, and alleged the special judge was not elected and appointed as required by law, notice of election of the special judge not having been posted on the courthouse door for 48 hours prior to said election. Counsel renewed their motion for a continuance. Associate counsel Carter Smith had not qualified as guardian ad litem, and refused to plead until he could consult defendant, and the court informed Smith if he declined to act he would appoint someone who would act. Smith thereupon signified his willingness to act, but asked 24 hours in which to plead, as he was not fully advised

whether the action was, in law, a criminal or civil action, and he wanted to fully protect his ward's rights. The court said, "I am getting tired of this," and told the guardian if he did not immediately file his plea, the court would instruct the clerk or the court to file it for him. The guardian filed a plea of "not guilty," filed "under duress," but the court struck the words "under duress" from the record, and upon the state announcing ready, the court asked the guardian and his associate counsel if they were ready, and upon their statement that they were not ready, the court proceeded to impanel a jury and try the cause.

It is unnecessary to consider the evidence, except to say the defendant at the time of the first act of intercourse, as testified to by complainant, was living on a ranch and was between the ages of 17 and 18 years. Complainant was a graduate of Tulsa University, was a school teacher, and between 20 and 21 years of age. The jury returned the general verdict of "guilty," and upon this verdict the court rendered judgment in favor of the complaining witness in the sum of $10,800, payable monthly at the rate of $50 per month.

It is unnecessary to discuss all the assignments of error contained in defendant's brief. Counsel stated, after his appointment as guardian ad litem, that he was not positive what pleadings were required in a bastardy proceeding, but knew a guardian could not waive any rights of the minor; that no service of summons had been made on the minor or his guardian, and he did not know whether it was a criminal or civil proceeding and desired a reasonable time to plead. This court has held in Haltom v. State, 99 Okla. 92, 225 Pac. 894, that:

"An action brought under article 3, chapter 55, R. L. 1910 (art. 3, chap. 70, C. O. S. 1921), against the father of an illegitimate child for bastardy, is in the nature of a special proceeding to be tried as a civil action, and should be governed by the pleadings and procedure prescribed by the chapter of our statute on procedure civil." Anderson v. State, 42 Okla. 151, 140 Pac. 1142; In re Comstock, 10 Okla. 299, 61 Pac. 921; Bell v. Territory, 8 Okla. 75 56 Pac. 853; Libby v. State, 42 Okla. 603, 142 Pac. 406.

In Sealy v. Smith, 81 Okla. 97, 197 Pac. 490, this court said:

"Under section 4688. R. L. 1910 (sec. 216, C. O. S. 1921), 'the defense of an infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by the judge thereof, or by a county judge. The appointment cannot be made until after the service of sum-

mons in the action, as directed in this Code.'
Held, that the statute is mandatory, and
must be strictly complied with."

And in Echols v. Reeburg, 62 Okla. 67, 161
Pac. 1065, in the body of the opinion, it is
said:

"This court has held that service of sum-
mons upon an infant cannot be waived; that
no one can appear for him in defense of an
action prior to such service; that his defense
must be made by a guardian for the suit
who cannot be appointed till after service."
Condit v. Condit, 66 Okla. 215, 168 Pac. 456;
Bolling v. Campbell, 36 Okla. 671, 128 Pac.
1091; Scott v. Brown, 40 Okla. 184, 137 Pac.
113.

Chapter 3, article 20, section 582, C. O. S.
1921, title "Procedure—Civil," provides:

"Action shall be triable at the first term
of court after or during which the issues
therein, by the time fixed for pleading, are,
or shall have been made up when the issues
are made up, or when the defendant had
failed to plead within the time fixed, the
cause shall be placed on the trial docket, and
if it be a trial case, shall stand for trial at
such term, ten days after the issues are made
up, and shall, in case of default, stand for
trial forthwith."

And it has been further held by this court:

"To compel parties, over their objection
to proceed to the trial of a case at a date
earlier than ten days after the issues are
made up, as provided by section 5043, R.
L. 1910 (sec. 582, C. O. S. 1921), is a de-
nial of a substantial right of such parties,
and is prejudicial error." Harn et ux. v.
Interstate Building & Loan Co. et al., 68
Okla. 227, 172 Pac. 1081.

While an action brought under article 3,
chap. 70, C. O. S. 1921, is to be tried as a civil
action, it is a special proceeding under which
defendant may be brought into court upon a
warrant. and then required to furnish securi-
ty for his appearance at a future date.

Certainly, his arrest, the reading of the
complaint, and the setting of the bail bond,
and his appearance being required there-
under, are sufficient to advise him of the
nature of the action, and we think it would
be an idle pursuit to file a praecipe and
have summons issued and served as in a
civil action, and it is therefore held, in such
case, the arrest, arraignment, and reading
of the complaint obviate the necessity of
summons as in a civil proceeding.

However that may be, the action is one
in which, if defendant be found guilty, his
property rights are materially affected, and
the case may not proceed against him until
after a guardian has been appointed, and
the issues are made up, if he be a minor,

and this court has, by a long line of de-
cisions, determined that a guardian cannot
waive any of the substantial rights of his
minor ward, but must contest the action at
every step of the proceedings. McCloy &
Trotter v. Arnett, 47 Ark. 445; Title Guar-
anty & Surety Co. v. Foster, 84 Okla. 291,
203 Pac. 231.

The guardian could not enter a plea of
guilty for his minor ward, and upon
entering the plea of "not guilty" by the guar-
dian, the issues are "made up," and article
20, ch. 3, sec. 582, C. O. S. 1921, applies, and
under the authority of Harn et ux. v. In-
terstate Building & Loan Co., supra, it is
error of the court to try the case before
the elapsed time provided by statute.

While, as a general rule, the granting or
refusing of a continuance rests within the
sound discretion of the trial court (Priest
v. Quinton, 68 Okla. 120, 171 Pac. 1113;
Johnston v. Shaffer, 96 Okla. 236, 221 Pac.
748), where an abuse of such discretion is
manifest from the record, the judgment of
the trial court will be reversed.

For errors appearing upon review of the
record, the judgment is reversed, and this
cause remanded, with direction to the trial
court to grant the defendant a new trial.

All the Justices concur.

Note.—See under (1) 7 C. J. p. 966, §57;
p. 977, §81.. (2) 7 C. J. p. 977, §81 (Anno);
p. 997, §134 (Anno); 31 C. J. p. 1120, §263
(Anno).