### JENNINGS v. STATE.

No. 17713. Opinion Filed May 3, 1927.

(Syllabus.)

1. **Bastards—Nature of Bastardy Proceeding—Civil Procedure.**

An action brought against the father of an illegitimate child for bastardy is in the nature of a special proceeding, to be tried as a civil action, and is governed by the pleadings and procedure prescribed by the statute on Procedure Civil.

2. **Same—Necessity for Guardian for Minor Defendant.**

The defense of a minor defendant in a bastardy proceeding must be by a guardian appointed for the suit, as provided by the statute on Procedure Civil; and the judgment rendered in such proceedings, without the appointment of a guardian to defend for such minor defendant, is void.

Error from County Court, Comanche County; P. G. Fullerton, Judge.

Action by the State against Curtis Jennings. Judgment for plaintiff, and defendant brings error. Reversed.

J. A. Diffendaffer, for plaintiff in error.

George F. Short, Atty. Gen., for defendant in error.

PER CURIAM. Judgment was rendered by the county court of Comanche county against plaintiff in error in a bastardy proceeding. The undisputed evidence is that the plaintiff in error was a minor, 19 years of age, at the time of the trial of said cause. The question of the defendant being a minor was raised in the trial court on motion for new trial, in which motion it is alleged that the proceedings and trial, including the verdict, were wholly void and without any force or effect for the reason that the defendant at the time the complaint was filed against him and at the time of the trial was a minor under the age of 21 years and that no guardian ad litem was or has been appointed for said defendant. The court overruled the motion for new trial, and the plaintiff in error sets out the foregoing alleged error as a cause for reversal of the judgment of the trial court.

The Attorney General has filed in this cause his confession of error, citing the case of Halton v. State, 99 Okla. 92, 225 Pac. 894, as the authority upon which this confession of error was made. In that case the rule was laid down by this court as follows:

"An action brought against the father of an illegitimate child for bastardy is in the nature of a special proceeding, to be tried as a civil action, and is governed by the pleadings and procedure prescribed by the statute on Procedure Civil.

"The defense of a minor defendant in a bastardy proceeding must be by a guardian appointed for the suit, as prescribed by the statute on Procedure Civil; and the judgment rendered in such proceedings without the appointment of a guardian to defend for such minor defendant is void."

It was the duty of the trial court when the evidence disclosed that the defendant was but 19 years of age to stop the proceeding, appoint a guardian ad litem for the purpose of this case, and cause said proceedings to be conducted as provided in such cases in the Code of Civil Procedure of this state.

The judgment of the trial court is therefore reversed, with instructions to grant a new trial and to proceed in conformity with the views herein expressed.

Note.—See under (1) 7 C. J. pp. 966, 967, §57. (2) 7 C. J. p. 977, §81 (Anno) ; 31 C. J. p. 1120, §263 (Anno).