## CHELSEA ELEVATOR & STORAGE CO. v. ROHLAND.

### No. 1162.    Opinion Filed September 26, 1911.

#### (118 Pac. 366.)

**APPEAL AND ERROR**—Review—Questions of Fact. This court cannot consider any question depending upon the facts for its determination, where the case-made does not contain the averment by way of recital that it contains all the evidence submitted or introduced on the trial of the case, and a certificate of the clerk of the trial court is not sufficient.

(Syllabus by Ames, C.)

*Error from Rogers County Court; A. H. Meyer, Special Judge.*

Action by G. W. Rohland against the Chelsea Elevator & Storage Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Ezzard & Holtzendorff,* for plaintiff in error.

*Elliott & Howard,* for defendant in error.

Opinion by AMES, C. This action was originally brought in a justice court in Rogers county by G. W. Rohland, as plaintiff, against Chelsea Elevator & Storage Company, as defendant, to recover $120 alleged to be due as wages. A jury trial in the justice court resulted in a verdict for the plaintiff, and the defendant appealed to the county court of Rogers county where a second jury trial resulted in another verdict for the plaintiff, and the defendant brings the case to this court by petition in error.

Opinion of the Court.

No errors are assigned relative to the giving or refusing of instructions, but it is urged by the plaintiff in error that the verdict was not supported by the evidence and that there was error in the admission of testimony. We cannot, however, consider these assignments of error, for the reason that the case-made does not contain any recital whatever, except a certificate of the clerk, that all the evidence is embraced within it. It has frequently been decided by this court that questions depending upon the facts cannot be considered, unless the case-made contains an averment by way of recital that it embraces all the evidence. *Finch et al. v. Brown et al.,* 27 Okla. 217, 111 Pac. 391.

It has also been decided that such omissions in the case-made cannot be supplied by a certificate of the stenographer. *Tootle, Wheeler & Motter Mer. Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259. It has also been decided that a recital in the order of the court settling the case-made is not a compliance with the rule. *Wade v. Gould,* 8 Okla. 690, 59 Pac. 11. If a certificate of the stenographer who took the evidence is not sufficient, and a certificate of the judge before whom the evidence is heard is not sufficient, then it follows that a certificate of the clerk, who had nothing to do with the evidence, cannot take the place of the recital required.

In view of this state of the record, and the nature of the errors assigned, the case should be affirmed.

By the Court: It is so ordered.

All the Justices concur.