## HALL v. BRUNER *et al.*

No. 2137. Opinion Filed October 15, 1912.

Rehearing Denied January 5, 1913.

(127 Pac. 255.)

1. APPEAL AND ERROR—Objections to Pleadings—Objection Not Made Below. A petition unchallenged by demurrer or motion, and against which no objection is raised by objecting to the introduction of testimony, will, when its sufficiency is questioned for the first time in a motion for a new trial, or in this court on appeal, be held good if by a liberal construction it states, even though somewhat defectively, a cause of action in favor of the plaintiff and against the defendant; and such objection should not be sustained, unless there is a total failure to allege some matter essential to the relief sought, nor when the allegations are simply incomplete, indefinite, or conclusions of law.

2. SAME—Presumptions. Error is never presumed by this court. It must always be affirmatively shown by the record; and where this is not done the judgment will be affirmed.

3. SAME—Review—Questions of Fact. This court cannot consider any question depending upon the facts for its determination, where the case-made does not contain the averment by way of recital that it contains all the evidence submitted or introduced on the trial of the case.

4. SAME—Findings by Court. Where a case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is competent evidence reasonably tending to support the decree of the court, that decree will not be disturbed in this court on the weight of the evidence.
(Syllabus by Robertson, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by Warner Bruner and Judy Bruner against William Adams and others.  Judgment for plaintiffs, and John P. Hall, intervener, brings error.  Affirmed.

*Thomas A. Jenkins,* for plaintiff in error.

*R. P. de Graffenried* and *F. Scruggs,* for defendants in error.

Opinion by ROBERTSON, C.  This action was originally begun in the United States Court for the Western District of Indian Territory, sitting at Muskogee, on June 9, 1906, by Warner Bruner and Judy Bruner against William Adams to quiet the title to certain real estate.  Adams answered on September 24, 1906.  On October 8, 1906, the Muskogee Title & Trust Company filed a petition for leave to intervene, and on the same date filed its answer.  The issues having been made up, the cause went to trial, and testimony was taken and argument of counsel heard by the court and the matter taken under advisement.  On March 20, 1909, no decision having been rendered by the court, one John P. Hall appeared and filed his petition for leave to intervene, which was allowed by the court, and an answer was filed by him, in which he claimed to be the owner of the property in controversy, claiming through a sheriff's deed.  Plaintiffs replied to Hall's interplea, and on November 21, 1909, the cause came on for further hearing before the court, without a jury, and a judgment was entered on November 23, 1909, in favor of plaintiffs, as prayed for in their petition, and against the defendants and intervener.  From this judgment, the intervener, John P. Hall, alone appeals, and he will hereafter be known as the plaintiff in error.  None of the other parties were joined in the appeal.

Many alleged errors are complained of, the first and second of which are that the court erred in rendering a decree in favor of defendants in error on the amended complaint, and because the trial court erred in overruling the demurrer to the amended complaint.  An examination of the record discloses the fact that Hall, the plaintiff in error, did not demur or otherwise object to the sufficiency of the petition in the court below.  There was a demurrer filed by Adams; but he is not a party to this proceeding

on appeal. The demurrer filed by Adams was overruled by the court on December 17, 1908, and Hall was not a party to the suit until March 20, 1909. When he was given leave to interplead, he had a chance to demur, but instead he answered, and therefore all we need do is to determine whether or not the petition, unchallenged by motion or demurrer, states facts sufficient to constitute a cause of action in favor of plaintiffs and against Hall, the intervener.

As to a petition being sufficiently definite and certain, that cannot be raised by demurrer, or by objection to the introduction of testimony; and it has been held that an objection to a petition by objecting to the introduction of evidence thereunder should be overruled, unless there is a total failure to allege some matter essential to the relief sought. *Hogan v. Bailey,* 27 Okla. 15, 110 Pac. 890. The material part of the amended complaint reads as follows:

"Plaintiffs state that they and the defendants are all residents of the Western District of the Indian Territory, and for cause of action they state that they are the owners in fee simple of the following described lands, to wit: S. E. ¼ of the N. W. ¼ and the N. W. ¼ of the S. W. ¼, except two acres reserved in said last-mentioned 40-acre tract of land for school and church purposes, all in section 16, township 15 north, range 18 east, containing 78 acres, and that they are now in the actual possession of said land; that on the 9th day of December, 1905, the defendant, Adams, by fraudulent representations made to plaintiffs, induced them to execute to W. E. Rowsey a warranty deed, conveying to him, the said Rowsey, all of the above-described land; whereas, in truth and in fact, it was the intention of plaintiffs and their agreement with the defendant to convey to said Rowsey only seventeen acres of said land, and that it was through false representations and ignorance that they executed and acknowledged said deed; that on the 4th day of January, 1906, the plaintiff Judy Bruner executed to the defendant, Adams, a warranty deed to the following described land: W. ½ of the S. W. ¼ of the N. E. ¼ and the S. ½ of the N. E. ¼ of the N. W. ¼ section 16, township 15 north, range 18 east, in said Western District of the Indian Territory, and that said Judy Bruner was at the time of the execution of said deed, and is now, the owner in fee simple and in actual possession of said land; that the defendant, Adams, is a son-in-law, and, having confidence in him, she

deeded him said land for the purpose and with the express un-
derstanding that he might borrow $600 and mortgage said land
to secure the payment of said sum, and with said sum of money
he was to pay for the seventeen acres that plaintiff Warner
Bruner had sold."

This, unchallenged by motion, demurrer, or objection to
the introduction of evidence in the trial court, in our opinion
states a good cause of action in favor of the plaintiffs, and against
the defendants.

The third assignment of error goes to the refusal of the
court to strike out "that part of the testimony of R. P. de Graf-
fenried tending to prove an express trust, because it was hearsay
evidence." As is pointed out by counsel for defendants in error,
the record fails to show that the trial court was called on to
pass upon this question; leastwise there is nothing in the record
showing how the motion was disposed of, even though it was
brought to the attention of the court.

It will be remembered that this cause was tried to the court
without a jury; and the presumption obtains that if the testimony
was not admissible the court did not consider it in the determina-
tion of the issues. The record shows no objection to the refusal
of the court to strike it out, and we assume none was made. A
party has a right to have every question passed on that arises
during the trial of a cause, and to have the record show his ob-
jection to every ruling of the court. No complaint is made that
the record does not speak the truth; hence we conclude that no
ruling on the motion was made, or, if made, then that it was
favorable to the plaintiff in error, else an objection would have
been registered. Error is never presumed by the court. It must
always be affirmatively shown; and where this is not done the
judgment will be affirmed. *Seaver v. Rulison,* 29 Okla. 128, 116
Pac. 802.

The fourth, fifth, sixth, and seventh assignments of error
involve the consideration of the same questions discussed above,
and therefore will receive no further notice.

Complaint is made by plaintiff in error that certain facts not
shown by the record have been presented by the brief of the
opposite party for the consideration of the court, and in the same

paragraph they themselves go outside the record and state facts concerning the time and manner of the service of summons. We assume that both parties are correct in their statements, yet this is not the proper manner to present material facts to this court for its consideration. The matter over which these differences arise, however, is of no importance, as we view the case, and taking the facts to be true, and giving them full weight and credit, would not change the result we have reached.

Our attention is also directed to the question of whether or not the United States commissioners' court had jurisdiction of the subject-matter in the suit of *Hall v. Sykes,* which resulted in the levy and sale of the land in controversy and the issuance of the sheriff's deed, upon which the plaintiff in error bases his title. If the commissioner had no jurisdiction, as claimed by defendants in error, then the title of plaintiff in error is defective, and he could not hold as against the defendants in error. A close examination of the case-made shows that the records of the case of *Sykes v. Hall,* which were considered by the trial court, are not included therein. Nothing but a transcript of the entries in the docket of the United States commissioner appears in the case-made. We are asked to pass upon the validity of these papers, and from them to say whether or not the commissioners' court had jurisdiction of the subject-matter. The trial court had the original papers before it, and examined and considered the same. It must have held that the sheriff's deed was invalid. Leastwise the judgment would warrant such conclusion. Why the records were not incorporated in the case-made, we do not know. It is apparent, also, that Exhibits A, B, C, D, E, F, and G, offered by the Muskogee Title & Trust Company at the trial below, are not in the record; and an investigation of the case-made shows that it has no certificate or recital to the effect that it contains all evidence offered at the trial in the court below.

"This court cannot consider any question depending upon the facts for its determination, where the case-made does not contain the averment by way of recital that it contains all the evidence submitted or introduced on the trial of the case, and a certificate of the clerk of the trial court is insufficient." (*Chelsea Elev. & Storage Co. v. Rohland,* 30 Okla. 54, 118 Pac. 366.)

With all these papers missing from the case-made, it is, of course, impossible for this court to give this phase of the case any consideration.

We have read the entire record with care. Counsel for plaintiff in error, with commendable zeal, have presented every phase of this case in an exhaustive and skillful manner. The issues in the case, while somewhat complicated, after all turned on controverted questions of fact.

"Where a case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is competent evidence reasonably tending to support the decree of the court, that decree will not be disturbed on the weight of the evidence." (*Stem v. Adams,* 30 Okla. 101, 118 Pac. 382.)

Such is the condition in this case. The court's findings were in favor of the plaintiffs below, and we believe he reached the correct conclusion, and decided the case as it should have been decided. The witnesses appeared before him and testified, and he was thereby enabled to place the true value on the evidence submitted.

We can find no error in the record of sufficient magnitude or importance to warrant us in interfering with the judgment. Therefore the judgment of the district court of Muskogee county should be affirmed.

By the Court: It is so ordered.