# WHITE v. HARLOW.

No. 2260.    Opinion Filed November 19, 1912.

(128 Pac. 111.)

**APPEAL AND ERROR**—Case-Made—Evidence. This court cannot consider any question depending upon the facts for its determination, where the case-made does not contain the averment by way of recital that it contains all the evidence submitted or introduced on the trial of the case; and a certificate of the trial court is not sufficient.

(Syllabus by Sharp, C.)

*Error from Garfield County Court;*
*James B. Cullison, Judge.*

Action by Charles D. Harlow against C. E. White. Judgment for defendant. From an order setting aside a judgment and granting a new trial, defendant brings error. Affirmed.

*Swigert & Wedgwood,* for plaintiff in error.

Opinion by SHARP, C. This action was originally brought in a justice court in Garfield county, by Charles D. Harlow, as plaintiff, against G. E. White, as defendant, to recover $103.90, the alleged balance due on a promissory note. A default judgment was had in the justice court, and the defendant appealed to the county court. A jury trial was had, and a verdict returned in the defendant's favor for $5. Plaintiff thereupon filed a motion for a new trial, which was granted, and defendant has appealed to this court from the order setting aside the judgment and granting a new trial.

The errors assigned consist in the refusal of the court to enter judgment upon the verdict, and in setting it aside and granting a new trial. The motion for a new trial contains three grounds: (1) Surprise, which ordinary prudence could not have guarded against, in that defendant failed to file a bill of particulars; (2) that the verdict was not sustained by sufficient evidence; (3) that the verdict was contrary to law and to the instructions of the court.

This court will very seldom, and with great reluctance, reverse a decision or order of a trial court which grants a new trial, and will not do so unless it be clearly shown that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made. *Sharp v. Choctaw Railway & Lighting Co.,* 34 Okla. 730, 126 Pac. 1025, and authorities cited. As has been seen, one of the grounds for the motion for a new trial was that the verdict was not sustained by sufficient evidence. The case-made does not contain any recital whatever, except a certificate of the court stenographer, that all the evidence is embraced within it. It is an established rule of this court that questions depending upon the facts cannot be considered unless the case-made contains an

averment by way of recital that it embraces all the evidence. *Chelsea Elevator & Storage Co. v. Rohland,* 30 Okla. 54, 118 Pac. 366.

The judgment of the court, setting aside the verdict of the jury and awarding a new trial, should be affirmed.

By the Court:  It is so ordered.