## SHAW v. STATE ex rel. MOTHERSEAD.

No. 15996—Opinion Filed Nov. 24, 1925.

1. **Banks and Banking—Insolvency of State Bank—Stockholders' Liability — Defense of Nonownership.**

A person who has knowingly permitted his name to appear upon bank records as the unconditional owner of stock of the bank, for a period of two years, will not be permitted to make the defense that the stock was held as collateral, in an action against him by the Bank Commissioner, for recovery of an amount equal to the par value of the stocks as provided by statute, where the bank becomes insolvent.

2. **Same—Liability Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the Bank Commissioner.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kiowa County; T. P. Clay, Assigned Judge.

Action by the State of Oklahoma, on the relation of O. B. Mothersead, against M. V. Shaw to recover a sum of money equal to the par value of stock appearing in the name of the defendant. Judgment for plaintiff, and defendant brings error. Affirmed.

Rummons & Hughes, for plaintiff in error.

Tolbert, Hunter & Tolbert, for defendant in error.

Opinion by STEPHENSON, C. The state of Oklahoma, on the relation of the acting Bank Commissioner, commenced its action against M. V. Shaw for the recovery of a sum of money equal to the par value of the bank stock in the State Bank of Mountain View, appearing in the name of the defendant, as the unconditional owner. The action was commenced, as provided by statute, after the bank became insolvent, and was placed in charge of a liquidating agent.

The defendant filed his answer, which was in substance: (1) A general denial of liability. (2) That the stock was held as collateral security for the payment of indebtedness owing by the president of the bank to the defendant, and that the defendant was not the owner of the stock. The trial of the cause resulted in an instructed verdict for the plaintiff and against the defendant. The defendant has appealed the cause here and assigns several of the proceedings had in the trial of the cause as error for reversal here: (1) That the verdict and judgment are contrary to the evidence and the law. (2) Error of the court in instructing the jury to return a verdict against the defendant.

The plaintiff in error makes the point that the evidence is insufficient to support the verdict and judgment in respect to the insolvency of the bank. The evidence offered by the state was sufficient to establish the insolvency of the bank, and the defendant did not offer any evidence in rebuttal or cross-examine the witness testifying upon this question.

The defendant in substance testified: That the president of the bank desired to purchase the shares of stock owned by one of the stockholders of the bank, and borrowed $3,000 from the defendant to make the purchase; that the defendant made the loan upon the promise of the bank president to pledge the stock so purchased from the loan, as security for the payment of the money borrowed from the defendant; that the defendant was advised that the stock had been placed in his safety deposit box at the bank as a pledge for the loan. The defendant further testified that he examined the certificate of stock about 60 days after it had been placed in his safety box, and found that the same showed that the stock was issued in his name; that he advised the president that the stock that was to be purchased from the former owner was the stock to be pledged, and requested that such purchased stock be substituted for the stock issued to him in his own name. The evidence further shows that the stock in question was carried in the records of the bank in the name of the defendant as the unconditional owner for a period of two years.

The court no doubt took the view at the close of the trial that the evidence of the defendant did not constitute a defense to the action commenced against him by the Bank Commissioner for the recovery of a sum of money equal to the par value of the stock as provided by statutes on account of the insolvency of the bank. There being no dispute upon the evidence offered by the state to show the insolvency of the bank, there was no issue of fact then for submission to the jury, and the court instructed the jury to return its verdict for the plaintiff. There is sufficient competent evidence to support the issue in favor of the plaintiff on the question of the insolvency of the bank of Mountain View.

The judgment ought to be affirmed if the trial court was correct in its views that the evidence of the defendant did not constitute a defense to the action. The evidence of the defendant places him in the attitude of permitting the bank of Mountain View to hold him out to the public as a bona fide owner of $2,000 worth of stock for a period of two years. Under the statutes and the law, the pledgee, or holder of stock placed with him as collateral security for a debt or pledge, will not be liable for the penalty provided in case of insolvency of the bank, as owner of the stock, unless such pledgee permitted himself to be held out to the public, according to the records of the bank, as owner of the stock. Even though the defendant received the stock as a pledge to secure the payment of a loan, he will not be permitted to plead and prove this as a defense in this action, where he has permitted himself to be held out to the public, by the records of the bank, as owner of the stock for a period of two years, until the insolvency of the bank became a fact. The defendant had ample

opportunity to cause the records of the bank to be corrected to speak the truth long before the institution became insolvent. Blackert v. Lankford, Bank Commissioner, 74 Okla. 61, 176 Pac. 532.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 504. §68. (2) 4 C. J. p. 1129, §3122.