## PORTER v. STATE ex rel. MOTHERSEAD, Bank Com'r.

No. 16771—Opinion Filed Feb. 8, 1927.

Rehearing Denied March 8, 1927.

(Syllabus.)

1. Banks and Banking—Insolvency of State Bank—Stockholders' Statutory Liability —Estoppel of One Appearing on Books and Acting as Stockholder.

Where a person who has knowingly permitted his name to appear upon the bank records as the unconditional owner of stock of the bank for a long period of time. and such person is elected director of the bank in which said stock is held. and. as a director thereof. participates in the affairs of the bank, such person will not be permitted to make a defense that he was not the owner of said stock, in an action against him by the Bank Commissioner for the recovery of an equal amount to the par value of the stock as provided by statute where the bank had become insolvent.

2. Appeal and Error—Sufficiency of Petition Where not Objected to Below.

A petition unchallenged by demurrer or motion and against which no objection is raised by objecting to the introduction of testimony. will. when its sufficiency is questioned for the first time in a motion for new trial, or in this court on appeal. be held good if by a liberal construction it states, even though somewhat defectively, a cause of action in favor of the plaintiff and against the defendant; and such objection should not be sustained, unless there is a total failure to allege some matter essential to the relief sought, nor when the allegations are simply incomplete, indefinite, or conclusions of law." Hall v. Bruner, 36 Okla. 474, 127 Pac. 255.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by the State ex rel. O. B. Mothersead, Bank Com'r, against Eda Porter. Judgment for plaintiff, and defendant brings error. Affirmed.

C. G. Moore. for plaintiff in error.

M. W. McKenzie. Gentry Lee and Pruett & Wamsley, for defendant in error.

LESTER, J. The parties to the above entitled action will be referred to as they appeared in the district court.

The plaintiff instituted this action in the district court of McClain county, on October 16, 1924, against the defendant claiming that she was a holder of record for twenty-seven and nine-tenths shares of the outstanding stock of the Farmers State Bank of Cement, Okla. Said plaintiff alleged in his petition the fact of the organization. operation. the declaration of the insolvency of the said bank on February 25, 1924, and the additional fact that the aforementioned number of shares, at the time the bank was declared to be insolvent, stood on its books in the name of the defendant as the owner and holder thereof, further praying for judgment against the defendant, by reason of the failure of the said bank, in the sum of $2,790 and the interest thereon from February 25, 1925.

The defendant duly filed her answer to the plaintiff's petition denying that defendant as an individual was the owner and holder of said shares at any time. and further denied that she was liable for said sum of $2,790 or any other sum whatsoever. Said answer. by way of setting up a further and affirmative defense, alleged in substance:

"1. That said shares were the property of the estate of John W. Porter. the deceased husband of the defendant.

"2. That said estate was still open and no final disposition had been made therein by the county court of McClain county.

"3. That the defendant was duly acting as executrix of said estate, and.

"4. Further denying that she had ever acted in any relation to the said stock other than in her representative capacity as said executrix of said estate."

The plaintiff filed a reply denying generally all the allegations of said answer.

The cause was thereafter and on the 21st day of March, 1925, tried to the court without the intervention of a jury, and the court rendered judgment against defendant for the full amount alleged to be due under plaintiff's petition, and the defendant prosecutes this action to reverse the judgment of the district court.

It appears from the evidence that John W. Porter, husband of the defendant, died testate on the 7th day of January, 1920, and at the time of his death he held in his own name, 30 shares of stock in the Farmers State Bank of Cement. Said John W. Por-

ter made a will and devised a larger portion of his estate to his wife, the defendant in this case. Said will was duly probated and the defendant duly qualified as executrix of said will.

It appears that on the 17th day of November, 1922, at a stockholder's meeting of the said bank, the said stockholders by their action reduced the capital stock of said bank from $25,000 to $15,000. That, as shown by the minutes of said meeting, Eda Porter was present as a stockholder and that she represented 30 shares of stock at said meeting; and that said stockholders at said meeting levied an assessment on themselves of 100 per cent. in order to meet an assessment on account of certain notes being carried in the bank and ordered stricken therefrom as assets by the Bank Commissioner. The defendant paid the full portion of the assessment levied against the stock that had been originally issued in the name of her husband, John W. Porter.

On the 18th day of December. 1922, the bank reduced its capital stock from $25,000 to $15,000. On the 5th day of February, 1923, the bank issued to Mrs. Eda Porter certificate No. 1, for 18 shares of stock. On the 6th day of March, 1923, the bank issued its certificate No. 12, to Mrs. Eda Porter for nine and nine-tenths shares of stock. It is further shown from the evidence that the above-described stock was shown to be outstanding and of record in the name of Mrs. Eda Porter on the books of said bank at the time the bank was closed as being insolvent by the State Bank Commissioner.

It was further shown in the evidence that the defendant was elected a director of the bank during the time her name appeared as the owner of the aforementioned stock, that she signed her name to certain reports, from time to time, relating to the financial condition of the said bank.

On April 24, 1924, Grover C. Wamsley, liquidating agent for the failed bank, addressed a letter to the defendant in which he advised that she owed the sum of $2,790, with certain interest thereon, by reason of the stock held by her at the time said bank had become insolvent.

The defendant answered the letter of the liquidating agent, and in said answer the defendant stated in part:

"I acknowledge my liability and regret that I am at this time unable to send you my check to cover the same. I desire to avoid any additional expense and would like you to grant me some few months' time on

this in order that I can make some deal and raise some money or at least until such time as crops are marketed."

The defendant testified that she, at all times, was acting only in her capacity as executrix of the estate of her husband, and not in her individual capacity.

The brief of the defendant presents two principal propositions to this court, and we shall take up the same in the order named in defendant's brief.

Defendant's proposition No. 1 is as follows:

"The judgment of the court, being contrary to its proper finding as to the 18 share lot and also contrary to the law as to the nine and nine-tenths share lot, is contrary to law on the whole and should be reversed."

In order to support the above proposition the defendant adopts the following quotation from the case of Blackert v. Lankford, Bank Commissioner, 74 Okla. 61, 176 Pac. 532:

"The rule announced by the textwriter and by the federal and the state courts seems to be that a person whose name rightfully appears on the books of a banking corporation as a shareholder must respond as such to all the statutory liabilities imposed upon shareholders. * * *"

We find no fault with the above language, but in the instant case it is positively shown that the defendant acted as a member of the board of directors and had access to all the records of the bank and for a long period of time permitted the stock to stand in her own name, and not until suit was brought to recover the liability due upon her stock did she raise the proposition that she was not the owner of said stock.

The defendant also cited an excerpt which is to be found in the case of State ex rel. v. Ware, 82 Okla. 130, 198 Pac. 859, which is as follows:

"The presumption of liability on shares of stock in an insolvent bank, arising from the presence of a person's name on the stock register, is rebutted by evidence that a bona fide sale of the stock had been made, and that the vendor had performed every duty which the law imposed in order to secure the transfer on the registry of the bank."

This statement of law has reference to a state of facts that is altogether different from that which we find in the instant case.

The defendant also cites the case of Robinson v. Lane, 19 Ga. 337, wherein it is stated:

"Where the shares of a bank are transferred by A. to B., without consideration,

and without the knowledge or consent of B., B. is not the owner, in contemplation of the charter, and can only be made liable on the ground of fraud, viz.: acquiescing in the transfer, after the fact is brought to his notice for the benefit of some other person, and to the injury of the creditors of the corporation."

Again we must insist that the doctrine laid down from the last-named case is not applicable to the facts in the instant case.

The defendant in her brief quotes from the case of State ex rel. Walcott, State Bank Commissioner, v. Hardister, 108 Okla. 64, 237 Pac. 75, in which it is stated:

"Where an action is instituted by the Bank Commissioner of the state to recover the double liability imposed by section 4122, C. S. 1921, as a general rule, all persons whose names are on the books of the bank, as the absolute owners of the stock, are liable as stockholders, and if one knowingly permits his name to appear upon the stock book of the bank as a shareholder, he will be estopped from denying liability, in an action brought to collect the double liability. This general rule does not apply, however, when the stock appearing in the name of the defendant is a part of a fictitious and invalid increase of the capital stock, which has been issued in violation of the provisions of section 39, art. 9, of the Constitution, and sections 4118 and 5319, C. S. 1921."

The rules announced in the last-named case are clear and unambiguous and in our judgment are clearly against the contention made by the defendant.

It is shown by the record in this case that the defendant for a long period of time acted as director of said bank, signed her name to reports made by the bank to the State Bank Commissioner, and that she received and accepted dividends from the aforementioned stock, which stood upon the books of the bank in her name.

In the case of Shaw v. State ex rel. Bank Commissioner, 115 Okla. 71, 241 Pac. 747, it is said:

"A person who has knowingly permitted his name to appear upon bank records as the unconditional owner of stock of the bank, for a period of two years, will not be permitted to make the defense that the stock was held as collateral, in an action against him by the Bank Commissioner, for recovery of an amount equal to the par value of the stock as provided by statute, where the bank becomes insolvent."

In the case of Blackert v. Lankford, supra, the court said:

"Where an action is instituted by the Bank Commissioner of the state to recover the double liability imposed by section 265, Rev. Laws 1910, as a general rule, all persons whose names are on the books of the bank, as the absolute owners of stock, are liable therefor, as parties dealing with the bank have a right to assume that the books of the bank show who are its stockholders, and as such stockholders they are bound for the liabilities of the bank in the manner provided by the statute, and if one knowingly permits his name to appear upon a stock book of the bank as a shareholder, he will be estopped, in favor of an action brought by the Bank Commissioner to collect the double liability from denying liability."

Again, in the case of Blackert v. Lankford, supra, it is said:

"Where the capital stock of a banking corporation has become impaired, and an assessment against the stockholders is ordered, under section 288, Rev. Laws 1910, to enable the bank to continue business, the payment of such assessment and the resumption of the business by the bank does not in any manner affect or discharge the stockholders from their general statutory liability for the debts of the bank upon its subsequent insolvency. The latter liability is designed solely for the benefit of the creditors, and constitutes a fund available only when the bank is insolvent and unable to meet its obligations in full."

The defendant's second proposition is as follows:

"Because the petition filed in the lower court by the defendant in error, plaintiff therein, does not state facts sufficient in law to constitute a cause of action in favor of the plaintiff and against the plaintiff in error, who was the defendant therein."

It is shown by the record that the only pleading filed in the district court consisted of plaintiff's petition, the defendant's answer, and plaintiff's reply thereto.

In the case of Hall v. Bruner, 36 Okla. 474, 127 Pac. 255, this court said:

"A petition unchallenged by demurrer or motion, and against which no objection is raised by objecting to the introduction of testimony, will, when its sufficiency is questioned for the first time in a motion for a new trial, or in this court on appeal, be held good if by a liberal construction it states, even though somewhat defectively, a cause of action in favor of the plaintiff and against the defendant; and such objection should not be sustained, unless there is a total failure to allege some matter essential to the relief sought, nor when the allegations are simply incomplete, indefinite, or conclusions of law."

We have examined the plaintiff's petition, and while it might have been more specific,

yet the sufficiency of the petition remained unchallenged in the district court and is for the first time objected to in this court on appeal.

We think the petition stated jurisdictional and substantive facts which would on its face entitle the plaintiff to recover judgment.

Finding no prejudicial error in the trial of the cause below, judgment is, therefore, affirmed.

BRANSON, C. J., and HARRISON, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 7 C. J. p. 504, §67 (Anno); anno. 30 L. R. A. (N. S.) 1092; 7 R. C. L. p. 397. (2) 3 C J. p. 787, $708; 31 Cyc. p. 82; 2 R. C. L. p. 86; 1 R. C. L. Supp. p. 389; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp.p 68; 6 R. C. L. Supp. 65.