## MALOY v. MALOY.

No. 17221.    Opinion Filed Aug. 2, 1927.

(Syllabus.)

1. **Appeal and Error—Sufficiency of Evidence—Review in Equity Case.**

In an equity action this court will weigh the evidence, but will not reverse the judgment of the trial court unless it is clearly against the weight thereof.

2. **Appeal and Error—Amendments Regarded as Made.**

The amendment of a plea which ought to

have been allowed, if leave to make it had been asked in the trial court to conform it to the evidence adduced, without objection or by the adverse party, will be regarded in this court as having been made.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by D. F. Maloy against Rhey Maloy for divorce. Cross-petition by Rhey Maloy for divorce and alimony. Judgment for plaintiff, and defendant appeals. Affirmed.

Wright & Gill, for plaintiff in error.

White, Nichols & Harris, for defendant in error.

RILEY, J. The defendant below presents appeal from a judgment granting divorce to her husband, D. F. Maloy, and denying divorce and alimony to her. The decree of divorce granted the husband will operate to grant the same freedom from marital restraint to the wife, so, in fact, her only grievance is the lack of an alimony award. The husband is a man of some wealth. At the time of the divorce judgment the defendant was 35 years of age. The plaintiff husband was just completing the biblical allotted span of three score and ten. This adventure upon the tempestuous sea of matrimony lasted for a brief period of 65 days, when the wife embarked for Oklahoma City in an automobile belonging to a son of the plaintiff, and was subsequently arrested upon a charge of theft of the vehicle. The husband likewise came to Oklahoma City, after the institution of this action, being importuned, according to his testimony, by agents of his departed mate in an effort to compromise the property rights here involved. He too saw the interior of one of Oklahoma City's public buildings for three days and nights, upon an invitation in the form of a warrant based upon a charge of adultery, wherein the wife and the wife's attorney played leading roles in insisting that officers do their duty at the phsychological moment. Both charges were later dismissed, but the latter not before the alleged wild-oat-sowing husband had contributed $100 to an advocate who wrote his bond, and only after he had clamored loudly and sent telegrams to his home for aid and counsel in his hour of stress.

The trial court evidently properly considered the petition as amended to conform to the evidence adduced without objection, and considered such escapades as above set out in rendering the judgment on the ground of cruelty.

Eleven assignments of error are presented.

They are without merit. It would serve no useful purpose to analyze the evidence; a great part of it is unnecessarily vulgar. From a careful weighing of the evidence, we are of the opinion that the judgment of the trial court is sustained thereby. The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 897, §2867; p. 900, §2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (2) 4 C. J. p. 749, §2683.