## McDANIELS v. McDANIELS.

No. 20677. Opinion Filed Oct. 27, 1931.

John T. Levergood, for plaintiff in error.

O'Connor, Marshall & Cobb, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county in favor of the defendant in error, the defendant in the trial court, against the plaintiff in error, the plaintiff in the trial court. Hereinafter the parties will be referred to as plaintiff and defendant.

By the judgment the defendant was granted an absolute divorce from the plaintiff and possession of certain furniture. The plaintiff was denied alimony, attorney's fees, and suit money in addition to that paid prior to the judgment. Custody of the child, known as Fred McDaniels, Jr., was awarded to the Commissioner of Charities and Corrections.

After the rendition of that judgment and while the cause was pending on appeal to this court, the plaintiff instituted a proceeding in this court for the possession of the minor child, in the nature of a habeas corpus proceeding. The record in that cause disclosed, as stated by this court in the opinion in that cause, that the "petitioner brought four separate suits at different times for divorce against her husband, F. L. McDaniels. Three of these were dismissed, but in the last suit brought by the plaintiff in the district court of Tulsa county, the defendant, F. L. McDaniels, filed an answer and cross-petition. Upon hearing in the last-named action the court denied plaintiff a divorce and granted the defendant a divorce upon his cross-petition." Ex parte McDaniels, 144 Okla. 65, 289 P. 704. Therein this court found:

"A review of the evidence taken before the referee convinces us that the petitioner is not a fit or proper person to have the future welfare of the child herein placed in her care, and it is shown by the evidence that petitioner possesses a nomadic disposition; that during the time that the marriage relation existed between her and her husband, she was away from home a very large portion of the time; that she stopped at various hotels; that she formed clandestine relations with certain men, as shown by letters in evidence; that a certain witness refused to testify in the case wherein it appears that said witness and the petitioner were registered as man and wife at a certain hotel in Texas—said witness claimed exemption' for the reason that it was incriminating. In addition to this, there are other circumstances in evidence which tend to show that the petitioner is in no manner fitted to have the custody of this minor"

—and awarded the care, custody, and control of the minor, Fred McDaniels, Jr., to the defendant in this action. Under the holding in that case, we consider it unnecessary to further discuss the contention made that the trial court erred in committing the minor child, Fred McDaniels, Jr., to the custody of the Commissioner of Charities and Corrections.

The plaintiff herein contends that the trial court erred in rendering the judgment

granting the defendant a divorce on his cross-petition for the reason that the same failed to state facts sufficient to support a decree of divorce. It is here asserted that a judgment rendered on a petition which does not state a cause of action will be reversed on appeal, and authorities to that effect are cited. The statement is true as a general proposition of law. In the instant case, however, there was no demurrer to the cross-petition of the defendant or other objection prior to judgment that the cross-petition did not state facts sufficient to constitute a cause of action. In the language of this court in Maloy v. Maloy, 126 Okla. 120, 258 P. 758, the trial court evidently considered the cross-petition as amended to conform to the evidence adduced without objection. Therein this court held: .

"The amendment of a plea which ought to have been allowed, if leave to make it had been asked in the trial court to conform it to the evidence adduced, without objection or by the adverse party, will be regarded in this court as having been made."

Under that rule, the court, having jurisdiction of the subject-matter by reason of the filing of the petition by the plaintiff and the prosecution of the plaintiff's cause of action thereunder, was authorized to consider the cross-petition of the defendant as having been amended to conform to the proof. A petition unchallenged by demurrer or motion, and against which no objection is raised by objecting to the introduction of testimony, will, when its sufficiency is questioned for the first time in a motion for new trial or in this court on appeal, be held good, if by a liberal construction it states, even; though somewhat defectively, a cause of action; and such objection should not be sustained, unless there is a total failure to allege some matter essential to the relief sought. Porter v. State ex rel. Mothersead, 122 Okla. 226, 253 P. 985; Hall v. Bruner, 36 Okla. 474, 127 P. 255. Under that rule the cross-petition of the defendant stated a cause of action. Among other things, it was alleged in the cross-petition that, since the marriage between the plaintiff and the defendant, the plaintiff has been guilty of extreme cruelty and gross neglect of duty toward the defendant. That allegation, under the rule stated, is sufficient as against an attack made on the sufficiency thereof after the judgment where no objection to the sufficiency thereof was made prior to the judgment.

The plaintiff urges that the defendant condoned any wrong which the plaintiff committed. The record shows no answer to the amended answer and cross-petition and no other plea alleging condonation. There is nothing in the amended answer and cross-petition to show condonation. The plaintiff contends that it "would be necessary for defendant to allege a state of facts sufficient to show that such acts, if they ever occurred, were not condoned." We do not agree with that statement. Condonation is an affirmative defense, and, like other affirmative defenses, must be specially pleaded or insisted upon in the answer as a defense. 9 R. C. L. p. 386, sec. 179.

The plaintiff contends that there was not sufficient evidence to support the judgment granting the defendant a divorce on his cross-petition. In support thereof it is stated that a divorce will not be granted on the uncorroborated statement and evidence of the complaining spouse, and decisions of this court to that effect are cited. We will not comment on the testimony in this action further than to say that there is sufficient corroboration of the testimony of the defendant to support the judgment of the trial court, and, the judgment of the trial court not being against the clear weight of the evidence, the judgment must be affirmed. McCurdy v. McCurdy, 123 Okla. 295, 253 P. 295; Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684. In the language of this court in Lyon v. Lyon, 39 Okla. 111, 134 P. 650, the complainant is not required to be corroborated as to each act testified to in support of the complaint. The plaintiff contends that "the testimony of the defendant as to finding plaintiff and some man in a dark room at one time in the apartment of the plaintiff, was that it occurred after the separation of plaintiff and defendant," and that as such it was insufficient to support a judgment for divorce. If it occurred after the final separation of the plaintiff and defendant, it was not condoned. It is a general rule that in an equitable proceeding the trial court may disregard the testimony of any witness who willfully and knowingly commits perjury. In the petition of the plaintiff, she alleged:

"That one child has been born of this marriage of plaintiff and defendant, the said child now being about three years of age, and whose name is Fred McDaniels"

—and she verified that petition under oath. She made similar statements under oath in other petitions for divorce filed by her. In her brief she says, "It is thus apparent defendant is and was in no way injured by the acts of plaintiff in deceiving him as to the paternity of the child." Whether or not

the defendant was injured by the deceit of the plaintiff, the fact remains that the plaintiff knowingly and willfully made a false affidavit as to the paternity of the child and filed it in a court of equity for relief in a divorce action. When the trial court was aware of that false statement, the trial court was justified in concluding that, if she would procure a child from another person and impose it upon her husband as a child born of a marriage between the plaintiff and defendant, and would make an affidavit that that child was born of the marriage of the plaintiff and defendant, she could not be depended upon to tell the truth in other matters. We think that the clear weight of the testimony is sufficient to support the judgment of the trial court.

The plaintiff contends that the trial court erred in refusing to grant the plaintiff a divorce, together with alimony. The record does not support that contention. Under the facts shown by this record, the plaintiff is not entitled to a divorce and she had theretofore received from the defendant financial assistance to a greater extent than she was entitled to receive.

The plaintiff contends that:

"The trial court erred in issuing orders and commitments directing the sheriff to take into his possession certain property, then in the possession of the mother of plaintiff, and committing plaintiff to the custody of the sheriff because she refused to reveal the whereabouts of the child, Fred McDaniels, said court having no jurisdiction over said child, it not being the issue of the marriage of plaintiff and defendant."

That contention is without merit. The plaintiff says that the furniture had been sold for storage; that the mother of the plaintiff had paid the storage and had the same shipped to Shawnee, Okla., and that the furniture was not in the possession of the plaintiff, but in the possession of her mother. Since the mother is not a party to this action, the plaintiff cannot complain of an order directing an officer to go to the home of the mother and to take the furniture in question. If the statement of the plaintiff is true, the property did not belong to the plaintiff and she cannot present as error the taking of property which did not belong to her and to which she had no claim.

The child in question was taken from the Oklahoma Children's Home Society by the plaintiff while she and her husband were separated and while she was suing her husband for divorce. She told her husband that the child was born to her at St. Anthony's Hospital in Oklahoma City. She sent her husband an announcement card, which appears in the record as follows:

"Announcement.

"Name                                    A Son.
"Born to Mr. & Mrs. Fred L. McDaniels
"Date June 18, 1924.   Weight 3 lb 10 oz.

"There's a dear little stranger at our house,

Whom I'm sure you would like to know,
Come up some day soon and help us
Watch the dear little stranger grow.

"Fred save this little lock of hair as it is all I want to cut off.

"Mercedes."

She kept a baby record and she did many other things which lend support to the testimony of the defendant that he did not know, until long after the filing of the petition in this case and until shortly prior to the filing of the amended answer and cross-petition, that the child was not his own. Among other things we call attention to her letter to the manager of the home from which she procured the child. In that letter she said:

"Of course every one thinks he is really my own child, even our nearest kinsfolk and I am never going to tell any one different"

—and:

"If you should wish to write me, address my letters here at the hotel and mark them personal as my mother-in-law is here with us and she succeeds in getting the mail first and is curious about everything and I do not want her to know but what this is our own baby."

That she was successful in her purpose is shown by the fact that the defendant, as the defendant in an action instituted by the plaintiff in the district court of Wichita county, Tex., filed an answer in which he alleged: "That there was born to said marriage a boy child now about nine months old, named Fred L. McDaniels, Jr."

A careful review of the record in this case discloses no reason why this court should disturb the judgment of the trial court. For that reason, the judgment of the trial court is in all things affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.