## HARPER v. HARPER.

No. 32004. Dec. 4, 1945.

*164 P. 2d 225.*

Jack W. Page, of Oklahoma City, for plaintiff in error.

Bulla & May, of Oklahoma City, for defendant in error.

PER CURIAM. Arthur A. Harper,

hereinafter called plaintiff, obtained a divorce from Zelma Robinson Harper, defendant, on the grounds of extreme cruelty and gross neglect of duty. Defendant has appealed and presents two propositions.

The first proposition is that there is no evidence of gross neglect of duty or extreme cruelty. The trial was held on June 29, 1944, and an independent check of the record discloses that the parties have not lived together since 1942. The plaintiff and defendant have no children. The testimony further discloses a series of constant bickering inspired by feelings which would tend to destroy any marriage relationship. The evidence sustains the allegations of the petition. The conduct of either spouse which grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the bodily health, or such as utterly destroys the legitimate end of matrimony, constitutes extreme cruelty, within the meaning of 12 O. S. 1941 § 1271. Horner v. Horner, 166 Okla. 103, 26 P. 2d 929.

In her second proposition defendant asserts that the acts, if any, justifying a divorce, have been condoned by the plaintiff. It is generally recognized that condonation is an affirmative defense which the defendant cannot prove over the plaintiff's objection unless such defense is specifically pleaded or insisted upon in the answer. 17 Am. Jur. p. 313, Divorce and Separation, § 323; Nelson on Divorce, vol. 2, p. 396. Condonation may not be urged for the first time on appeal. Schiff v. Schiff (Ohio App.) 45 N. E. 132. See to the same effect McDaniels v. McDaniels, 152 Okla. 258, 4 P. 2d 112. The issue of condonation was not presented at the trial.

Plaintiff has combined with his brief a motion to dismiss. What has been said above renders unnecessary a disposition of the motion to dismiss.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and CORN, DAVISON, and ARNOLD, JJ., concur.