In Special Term—GHOLSON J. presiding.

SAMUEL B. KEYS v. MARY McDONALD et al.

It is irregular to proceed against an infant, until the process has been served strictly in accordance with Section 89 of Code.

The summons should properly show, as a guide to the Sheriff, the age of each infant, as stated in the petition.

Return of Sheriff that he has served process on the infant alone, is insufficient, unless accompanied with a statement that there could be found no guardian or father, no mother, or person having the care of the infant, or with whom he lived—or that the minor is over fourteen years of age.

Until process is properly served, it is not competent for the Court to appoint a guardian ad litem.

Petition for the sale of real estate, under a mortgage to the plaintiff.

The case is fully stated in the opinion of the Court.

COLLINS and HERRON, attorneys for plaintiff.   J. W. PIATT for defendants.

GHOLSON, J.

The papers in this case have been submitted to me for a judgment, directing the sale of property. It stands on default as to all the defendants except an infant, for whom a guardian ad litem was appointed a few days ago, and who then filed an answer.

S. B. Keys *vs*. M. McDonald et al.

Upon looking into the papers, I find that there is no proper service of process on the infant defendant. The Code, Section 89, provides that "when the defendant is a "minor, under the age of fourteen years, the service must "be upon him, and upon his guardian or father: or, if "neither of these can be found, then upon his mother, or "the person having the care or control of the infant, or "with whom he lives. If neither of these can be found, "or if the minor be more than fourteen years of age, ser-"vice on him alone shall be sufficient."

The summous issued in this case, very properly showed on its face that James McDonald, one of the defendants, was a minor. The petition properly states the age of the minor, and shows that he was under fourteen years of age, and it would have been better to have embodied a statement to that effect in the summons. The minor being under fourteen years of age, the Section of the Code that I have cited, is imperative, that a service on him alone, which is all the return of the Sheriff shows, cannot be deemed sufficient. Such a return could only be made sufficient, by an accompanying statement that there could be found no guardian or father, no mother or person having the care of the infant, or with whom he lived. I hope there will be no case in which such a return can be truly made.

According to Section 32, of the Code, the appointment of a guardian for the suit, cannot be made until after service of the summons in the action, as directed in the Code. There having been, in my opinion, no such service, I am compelled, not only to refuse to enter a judgment which may affect the rights of the infant defendant, but the order appointing a guardian for him, entered on a former day of term, must be set aside as having been improvidently made.