## BRINGING IN PARTIES PLAINTIFF WHO HAVE NOT ELECTED TO SUE.

Common Pleas Court of Hamilton County.

THE KIDDER PRESS CO. v. THE UNITED WRAPPING MACHINE CO.

Decided, April, 1909.

*Parties—Discretion of Court with Reference to Bringing in New Parties—Controversies the Court can not Require to be Litigated—Sections 5006 and 5013.*

Under the rule that a plaintiff can not be compelled to admit to the action he has instituted parties as being liable to him other than those he has chosen to sue, a purchaser of machinery, against whom an action for recovery of the price thereof has been brought by the manufacturer, can not bring in as a defendant a third party to whom he has sold the same machinery under an agreement whereby this third party was to fulfill the contract for payment previously entered into between the defendant and the manufacturer.

*Cohen & Mack,* for the motion.
*Murray Seasongood,* contra.

GORMAN, J.

Heard on motion of the A. H. Pugh Printing Co. to set aside entry and be dismissed.

The plaintiff in its petition and amended petition seeks to recover from the defendant, the United Wrapping Machine Co., $9,350, the price of a certain printing press and machinery attached thereto, sold to said defendant on June 23, 1903, under a certain contract in writing attached to and made a part of the petition and amended petition; said machinery by the terms of said contract was to be delivered to said defendant at Chicago, on or before December 1, 1903.

The defendant, the United Wrapping Machine Co., has filed an answer and cross-petition and a counter-claim. By the answer it denies all the material allegations of the petition. By way of counter-claim against the plaintiff the said defendant sets up facts whereby it claims to have been damaged in the sum of

$24,500 by reason of plaintiff's failure to perform its contract sued upon and attached to its petition.

By way of cross-petition against the A. H. Pugh Printing Co., which company was not made party defendant by plaintiff, but was brought in by defendant by application, ex parte, to this court, the defendant, the United Wrapping Machine Co., sets up that it entered into a contract with said the A. H. Pugh Printing Co. on November 23, 1904, which contract is in writing and attached to the cross-petition, whereby the A. H. Pugh Printing Co. purchased said printing press and machinery so purchased by said defendant, the United Wrapping Machine Co., from plaintiff, the Kidder Co., more than one year prior to the sale thereof by defendant, the United Wrapping Machine Co., to the A. H. Pugh Printing Co., and in its cross-petition the defendant prays that the A. H. Pugh Printing Co. be made party to this action; that summons issue against it and that said the A. H. Pugh Printing Co. be required to plead herein and defend this action, and that in the event that plaintiff recover herein against defendant, that then the defendant in this action may recover any such amount from said the A. H. Pugh Printing Co.

The right of the defendant to recover over against the A. H. Pugh Printing Co. is based upon a provision in its contract of November 23, 1904, with the A. H. Pugh Printing Co., to the effect that after the installation in the plant of the A. H. Pugh Printing Co. of said press and machinery the A. H. Pugh Printing Co. is to fullfill the defendant's contract made June 23, 1903, with the Kidder Co., and pay to the Kidder Co. the sum of $9,350 should said press in sixty days meet the requirements by said contract set forth. Then follows many other conditions in the contract between defendant and the A. H. Pugh Printing Co.

At the time the answer, counter-claim and cross-petition were filed an entry was made, on the ex parte application of defendant by Judge Charles J. Hunt of this court, setting forth that the A. H. Pugh Printing Co. has some interest in this cause, and it is ordered that said company be and it hereby is made a party to this action, and that summons issue against said company on the cross-petition of the defendant, the United Wrapping Machine Co., all of which was accordingly done.

The A. H. Pugh Printing Co. now moves the court to set aside said entry and to dismiss it from this action.

The court is of the opinion that the A. H. Pugh Printing Co. is neither a necessary nor a proper party to this action, and that the motion should be granted and the entry set aside, and the A. H. Pugh Printing Co. dismissed from the action for the reasons following:

The only sections of the code under which this company could be brought in and required to plead are Sections 5006 and 5013, and these are the sections relied upon by counsel for defendant for the warrant of the court in bringing in this new party.

Now the contract sued upon in the petition is an entirely different contract from the one made between the defendant and the A. H. Pugh Printing Co., and was entered into more than a year after the execution of the first contract. The A. H. Pugh Printing Co. is not a party to said first contract remotely or nearly, and is no way liable on or under that contract.

The Kidder Co., plaintiff, is not a party to the second contract, and is no way connected therewith, unless it be that it is a contract made for its benefit by the parties thereto. But it does not appear that the plaintiff assented to said second contract or elected to accept its benefits. If it had done so it might have sued the A. H. Pugh Printing Co. thereon or thereunder, which it has not done, nor can it be compelled to do so.

Section 5006 provides for making any person a defendant who has or claims an interest *adverse* to plaintiff or who is a necessary party to a complete determination or settlement of a question involved in the controversy.

Section 5013 provides that the court may determine any controversy between the parties *before it,* when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination can not be had without the presence of other parties the court may order them to be brought in, or dismiss the action without prejudice.

Section 5070 can not be invoked because that section applies to bringing in new parties to determine a counter-claim, and the A. H. Pugh Co. is not brought in or claimed to be brought in to aid in the determination of the counter-claim set up in the answer and cross-petition.

It has been held in the case of *Penn* v. *Hayward,* 14 O. S., 302-306, that the effect of Sections 5006 and 5013 is to vest in the court a legal discretion to say when a suit may proceed without drawing into its vortex all parties interested in the questions involved in it.  *  *  *  But this discretion must be exercised with due regard to established rules.  *  *  *

It has been held that the power of the court to bring in additional parties by virtue of a statute similar to our Section 5013, does not apply, where the plaintiff's right to maintain the action depends on the presence of such additional party. *Newman* v. *Marvin,* 12 Hun., 236; *McMahon* v. *Allen,* 12 How. Pr., 39.

The language of Section 5013, ''the court may determine any controversy between the parties before it,'' does not mean that defendants can compel each other to litigate and settle controversies between each other. *Meek* v. *Breckenridge,* 29 O. S., 642; *Cincinnati* v. *Brackman,* 35 O. S., 289.

And an answer asking relief against a co-defendant is demurrable.  *Joyce* v. *Growney,* 154 Mo., 253.

But if there were a counter-claim asserted by one defendant against another this last rule would not apply.

In an action for money (such as the one in the case at bar) new parties can not be brought in by a defendant as being liable over to him because the plaintiff can not be compelled to admit parties as being liable other than those he has chosen to sue. *Chapman* v. *Forbes,* 123 N. Y., 532.

The maker of a note being sued by an indorser can not bring in a stranger *who agreed with* him to pay the note.  *Foster* v. *Wise,* 46 O. S., 20-27; *Hinkle* v. *Hinkle,* 20 Ind. App., 384.

But one who is a surety may notify his principal to defend and thus bind his principal by the result, and this may be what counsel for defendant has in mind, but the right does not extend so far as to bring in the surety unless he has been sued by the plaintiff.  *Bank* v. *Bank,* 68 O. S., 43-50.

If we consider the defendant company the principal in its contract with the Kidder Press Co. and the A. H. Pugh Printing Co. the guarantor by virtue of its contract with the defendant, then we would in this case have an action by the plaintiff against one (defendant) for the price of goods sold and delivered; and

this action could not be joined with a suit against another (the A. H. Pugh Printing Co.) on his promise to the first defendant to pay said debt to plaintiff. *Sanderson* v. *Clason*, 13 Minn., 379; *Addicken* v. *Schruble*, 45 Ia., 315.

If we consider that the A. H. Pugh Printing Co. by virtue of its contract with defendant has agreed to indemnify defendant, then defendant can not maintain an action against the A. H. Pugh Co. until a judgment is rendered against defendant. *Pratt* v. *Walworth*, 15 C. C., 412.

The cases cited by counsel for defendant in his brief (*Resor* v. *McKenzie*, 2 Disney, 210, and *Keys* v. *McDonald*, 1 Handy, 287) do apparently support the contention of defendant, especially the case in 2 Disney, and on account of the high character of the eminent jurists who announced these decisions, it would seem that this court would be safe in following these precedents, were it not for the fact that these two authorities were relied upon in the case of *Wilkins* v. *Ohio National Bank*, 31 O. S., 565-568, and not approved by the Supreme Court, but a rule was adopted contrary to that laid down by those two authorities; and we feel more bound to follow the rule laid down by the court in the case of *Wilkins* v. *Bank, supra.* And when it is borne in mind that this rule was applied to a case of a surety upon an obligation upon which the name of the principal and surety appeared together on the same paper and no question as to the suretyship, it would seem that the case at bar can in no proper view of the case present circumstances calling for a less rigid rule. The court in the syllabus says:

"Where the holder of a joint and several obligation elects to sue one of the obligors who is only a surety thereon, it is not competent for the defendant by cross-petition or otherwise to bring in his principal for the purpose of having the relation of principal and surety certified under Section 449 of the code (Section 5419, Revised Statutes), although the holder knew that such relation existed."

Unless the judgment against the defendant by the Kidder Press Co., if it should obtain a judgment, would be conclusive on the A. H. Pugh Co., there would be no advantage in the defendant having that company vouchered in or made party de-

fendant. The court is of opinion that the facts disclosed in the case at bar by the pleadings would make out such a case as that the judgment if rendered could not and would not be conclusive on the A. H. Pugh Printing Co., and we believe that this conclusion is fully supported by the case of *Koelsch* v. *Mixer's Admr.*, 52 O. S.

Let an entry be made setting aside the order making the A. H. Pugh Printing Co. a party defendant and it may be dismissed with its costs.