**PENCE et v Pence et**

Ohio Appeals, 2nd Dist., Shelby Co.

No. 125. Decided May 25, 1942.

Robert E. Marshall, Sidney, and J. E. Russell, Sidney, for defendant-

appellee, Roy N. Pence.

H. E. Beery, Sidney, and H. K. Forsyth, Sidney, for plaintiffs.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court.

The action was brought by the guardian of Sellas Pence and Elba Pence, Sellas Pence having attained majority since the institution of the suit, for partition of real estate and personal property, for an accounting by defendant, Roy N. Pence, and for the appointment of receiver.

Ivan W. Pence, son and heir at law of Ruth A. Pence, prior to the institution of the suit deeded his share in the real estate described in the petition to his brothers and sisters in equal parts.

Roy N. Pence, trustee . for the heirs of the estate of Ruth A. Pence, deceased; was made a party defendant, answered and set up that partition should not be granted for the reason that he, as said trustee, had entered into a trust agreement and declaration of trust relating to the real and personal property described in plaintiffs' petition with the plaintiffs by their guardian by authority of the Probate Court, to which trust agreement the other defendants were signatories.

Defendants Melba Pence, Lewis E. Pence, Leslie J. Pence, for reply to the answer and answer to the cross-petition of defendant, Roy N.

Pence, trustee, say that since the execution of the so-called trust agreement they have reached their majority; that said trust agreement insofar as it pretended to restrict or limit in any manner their interest in the property described in plaintiffs' petition was without legal authority and wholly void. Defendants join in the prayer of the petition for partition of the premises.

Adult defendants Margie Patterson, Opal Sidle and K. Worthy Pence, reply and answer to the answer and cross-petition of Roy N. Pence, trustee, admit that they signed the trust agreement but say that at the time of the signature it was represented to them by said Roy N. Pence that he would maintain a home for the minor children of Ruth A. Pence in the home maintained by her during her lifetime but that he had failed to observe this agreement or to account for the property turned over to him under the trust agreement and sought to deprive the parties to said trust agreement of their rights in said property. They pray for partition.

The plaintiffs replying to the answer and cross-petition of Roy N. Pence, trustee, pleaded as in the reply of the other defendants and renew their prayer for a partition of the property described in the petition. Issue was further drawn by replies of Roy N. Pence, trustee of the estate of Ruth A. Pence, to the answer of plaintiffs to his cross-petition and the answer of defendants Margie Patterson, Opal Sidle and K. Worthy Pence to his cross-petition.

The cause was submitted to the trial court and here upon an agreed statement of facts, which insofar as essential to the questions presented for decision are, that the parties to this action are tenants

in common in that their interests are substantially as set forth in the petition of plaintiffs as heirs at law of Ruth A. Pence, deceased, from whom the estate came; that Worthy Pence is the duly appointed and acting guardian of the plaintiff Elba Pence, Jr., and formerly was the guardian of Melba Pence, Lewis Pence, Leslie Pence and Sellas Pence, all of whom are now of age; that at the time of the appointment of the guardian and for some time thereafter all the parties lived in common at the former Ruth A. Pence home upon the premises sought to be partitioned; that Roy N. Pence took complete control of said premises to the exclusion of other tenants in common as trustee and in accordance with the trust agreement referred to in the pleadings; that since September 7, 1935, said Roy N. Pence, as trustee, had exclusive control of said premises and has made no accounting therefor. The original papers relative to the application for the authority to create a trust under Case No. 4038 are made a part of the stipulation.

"It is further stipulated and agreed that the validity of that said proceeding (In Case No. 4038, Probate Court) be submitted to this court and that this court determine the validity and regularity of said proceedings in conjunction with the determination of this case, and that this court by agreement of the parties may consider the regularity of said judgment and the effect thereof, and pass upon the validity the same as if it had originally been in this court."

It is further stipulated that all the parties up to on or about September, 1939, contributed in varying amounts in the upkeep of the farm upon which the parties lived and the payment of the mortgage thereon, so long as they made the premises their home and the dates when the respective parties left the home are set forth.

The court found upon the issues in favor of the defendant, Roy N. Pence, and against the plaintiffs; that neither of the plaintiffs had the immediate right to the possession of his individual share of the real estate and personal property described in the petition and to have and hold the same in severalty; that plaintiffs, together with their guardian, K. Worthy Pence, should be and are estopped from enforcing partition of the property until the plaintiff Elba Pence is twenty-one years of age, or until the mortgage lien now owned and held by the Miami Conservancy District against the real estate is fully paid.

It further appears that the father of the parties, tenants in common in the real estate described in the petition, predeceased his wife, Ruth A. Pence, the mother of said parties, and that she died on December 31, 1934, intestate. The real estate consisted of 305.43 acres of land more or less in Washington Township, Shelby County, Ohio, upon which was a mortgage in the sum of $10,500.00 to the Miami Conservancy District, which, as of the date of the death of Ruth A. Pence had been reduced to $8400.00 and at the time of the institution of the suit had been further reduced to approximately $4800.00, the reduction having been accomplished under the management and control of appellee, Roy N. Pence, acting as trustee as aforesaid.

In June, 1935, on the application of Worthy Pence he was named guardian of the person and estate of Elba Pence, then thirteen years of age, Sellas Pence, fifteen years of age, Leslie Pence, seventeen years of age, Lewis Pence, seventeen years of age and Melba Pence,

nineteen years of age. Four brothers and two sisters were listed as the next of kin of said minors. In July, 1936, soon after the appointment, the guardian of the minors filed application for authority to sign declaration of trust and trust agreement made between the heirs of Ruth A. Pence, deceased, in the Probate Court of Shelby County, naming the adult children of Ruth A. Pence and the minors individually as party defendants. The adult defendants waived issue and service of summons and voluntarily entered their appearance. The Probate Judge ordered that a notice of said application be served on all parties defendant in said application and Roy N. Pence was commanded to notify the minors and directed to make due return of the notice. The return recites the receipt of the writ on the 5th of July, 1935, and its service on the 8th day of July "by delivering a certified copy of it with the endorsements thereon personally on the above named Melba Pence, Lewis Pence, Leslie Pence, Sellas Pence and Elba Pence, Jr., minors, and Opal Pence with whom said minors lived. The return was signed by Roy Pence, July 12, 1935.

No guardian ad litem was named for any of the minor defendants and no answer was filed on their behalf. On August 5, 1935, the court found that it would be to the best interests of the minors' estate that the guardian be authorized to sign the declaration of trust and trust agreement and so directed. Thereafter the trust agreement was signed by the adult children of Ruth A. Pence and by Worthy Pence, guardian of the minors, in their behalf.

This instrument is somewhat extended, recites the common agreement of the parties to keep the estate of their mother intact until the youngest child becomes of age and the note and mortgage of the Miami Conservancy District is paid and evinces a purpose to pass title, management and control of the real property and personal property described to Roy N. Pence, as trustee, and vests in the trustee the entire control and management of the property described in the conduct of the business of farming, raising of livestock, and authorizes the trustee to pay all accounts accruing and all taxes and to keep the buildings insured and to do all things which he thinks necessary to the best interests in the maintenance and management of the trust property and to pay the indebtedness out of the assets of the trust. Further provides that the trust shall terminate upon the arrival of the youngest child at majority and the full payment of the indebtedness due the Miami Conservancy District, at which time the trustee is to make settlement with the heirs of Ruth A. Pence, deceased. No other or further writing, agreement or indenture was executed by the parties and the trustee entered upon his duties under the trust agreement and operated thereunder without interruption or question of authority until the institution of the partition suit.

We have been favored with the written opinion of the trial judge in this case and find it to be a very complete and correct analysis of the character of the instrument designated declaration of trust and trust agreement. The court held that the purport and effect of the agreement was to appoint Roy N. Pence as General Agent with power to manage and control the real estate and personal property described in the agreement for the purposes therein set forth; that it was binding and effective upon all

parties, including the minor plain-. tiff as well as upon all of the minors originally under guardianship, not only during their minority but after they had attained their majority until terminated; that the proceedings in the Probate Court whereby the guardian was authorized to enter into the trust agreement on behalf of the minors was regular, that the court acted with jurisdiction and that the order entered was valid and controlling. The court modified the agreement in the particular that instead of the agency subsisting until the youngest minor attained majority and the indebtedness to the Miami Conservancy District was paid, that it subsist until the youngest child reached majority or until the mortgage indebtedness was paid; held that partition was a suit of equitable cognizance and that because of the trust agreement the parties were not entitled to the right of immediate possession to the real estate and, therefore, not entitled to have their part set off to them in severalty, nor were they entitled to have their respective shares set off to them in the personal property.

We could well adopt the opinion of the trial judge on all phases of this case except those which relate to the jurisidiction of the Probate Court to make the order upon which the trust agreement was executed by the guardian in behalf of the minors and the validity and effect of said order.

The action was instituted by the guardian on behalf of his wards and the adult heirs and the minors as individuals were made parties defendant. The plaintiff styled his action as though adversary in character and the adult defendants all entered their appearance which was equivalent to service of process on them. Sec. 10501-24 GC

defines the manner in which service shall be made out of the Probate Court upon persons under disability. As to defendant minors under 14 years of age the summons shall be served upon them and also upon their guardian, father, mother or custodian, in the order named. Sec. 10501-21 GC authorizes the Probate Judge to order notice to be given to all persons interested in proceedings in such manner and for such length of time as he deems reasonable and is applicable only when the manner of giving notice is not directed by statute. Sec. 10501-26 GC names the officers to whom process shall be directed and delivered for the purpose of service upon parties including sheriffs, coroners and constables. It is probable that the proceeding here was not a civil action. Wilansky v Congregation, 12 Oh Ap 301; that it was not necessary to serve summons on the minors and therefore, the Probate Judge could order this manner and length of service.

The service was made by Roy N. Pence, a party defendant and one interested in a manner that might have been construed to be adversary to the minors. The return shows that the minors were served as well as their custodian but the custodian is not named, which should have been done because it is possible that Roy N. Pence was their custodian. However, there is nothing to indicate that the minors were not properly apprised of the pendency of the action. No guardian ad litem was named for the minors and no answer was filed on behalf of any of them. It was not appropriate that the guardian answer in their behalf for the obvious reason that he was interested as party plaintiff. Sec. 11252 GC provides:

374

"In an action against an infant, his defense must be by a guardian for the suit, who may be appointed by the court in which it is being prosecuted or by a judge thereof, or by a Probate Judge."

"Process must be served in the mode designated by statute and the courts can not determine that service other than is so prescribed shall suffice. **Robins v Clemmens, 41 Oh St 285; Moore v Starks, 1 Oh St 369.**

"Infant may be served only in the manner prescribed by the statute." **Feigi v Lopartkovich, 38 Oh Ap 338; Keys v McDonald, 1 Hand. 287.**

It is probable, though not free from doubt, that the failure to appoint a guardian ad litem and to have an answer filed in behalf of the minors was irregular and would support a reversal as upon error on appeal.

Although the procedure in the foregoing particulars was irregular, our further question is, whether or not it prevented the Probate Court acting with jurisdiction to make the order complained of. It is held in Colt v Colt, 111 U. S., 566, that the failure to appoint a guardian ad litem is erroneous only and does not affect the jurisidiction of the court.

Sec. 10501-53 GC after defining the specific and exclusive jurisdiction of the Probate Court in the instances therein appearing, among which is (4) "to appoint and remove guardians and testamentary trustees, grant and control their conduct, and settle their accounts;" there is further given the following general jurisdiction:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

It has been held in Hatch v Building and Loan Co., 32 N. P. (N. S.) 297, that the Probate Court has the capacity to receive any jurisdiction which the Legislature may give it, provided it is within the constitutional limits. The equity jurisdiction granted to the Probate Court is referable to those matters as to which it has specific and exclusive jurisdiction as provided in §§10510-53 and 10501-17 GC, but does not confer upon such court general jurisdiction. **Hooffstetter v Adams, 67 Oh Ap 21.**

It is our judgment that, notwithstanding the irregularity in the proceedings heretofore commented upon, the Probate Court had jurisdiction to entertain the application of the guardian to enter into the trust agreement and to exercise that jurisdiction to the full extent authorized by or referable to the authority granted in §10501-43-4 GC.

How broad, then, is that authority?

It is basic that the authority of a guardian to act for and on behalf of his minor ward is continuing during the incapacity or the minority of the ward. Upon his attaining majority he is sui juris and is legally competent to act in his own behalf and conduct his own business affairs. "A guardian of an infant, unless authorized by statute, is, generally speaking, without power to bind his ward or his estate by any contract however beneficial it may be. 25 Amer. Jr. 64. So that, unless there is granted to the Probate Court specific authority to make an order upon the application of his guardian binding the ward beyond his minority, it is

obvious that such an order would be over and beyond the power of the court.

Sec. 10507-31 GC authorizes the guardian, without application to the court, to lease real estate of his ward for a period not exceeding three years, provided such term, if the ward be a minor, does not extend beyond the minority. And further, in that section and subsequent sections, provides for a lease to be made by the guardian for a term of years which may extend beyond the majority of a minor but such lease may be authorized only for specific purposes set forth in §10507-32 GC, and further, may be authorized only upon the observance of definite procedure as outlined in §10507-33 GC, et seq.

The agreement in the instant case between the trustee and the other contracting parties is not a lease. The relationship of parties is not that of landlords and tenant, lessors and lessee. If it could be considered as a long term lease then it would fail because of the non-observance of the procedural requirements preliminary to the authorization of such a lease. It obviously is the policy of the statutory law that no lease shall extend beyond the majority of the minor ward unless specially authorized.

We are unable to find any specific authority, and we know of no general equity powers, by which the Probate Court could authorize the guardian to enter into a contract with the trustee in behalf of his wards which would bind them beyond the attainment of their majority.

It follows, then, that those wards who have reached majority and who have petitioned the court for an order of partition of their real estate are entitled to such order.

The trial court was correct in determining that the guardian could not successfully maintain his suit for partition because by his application to the Probate Court for the authority to enter into the trust agreement he had estopped himself to challenge that authority insofar as it relates to his one minor ward, the only individual whom he now represents. Likewise, the adults who signed the trust agreement are estopped to deny its force and validity.

It is the judgment of this court that a writ of partition must be granted to the adults who were originally under guardianship and who have petitioned the court for such order. Judgment in accordance with this opinion and cause remanded.

GEIGER, PJ., & BARNES, J., concur.